E-FILED
Friday, 08 June, 2018 02:03:05 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL R. LOZIER, II, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No.: 3:18-cv-03077-SEM-TSH ) |
| QUINCY UNIVERSITY CORPORATION, CHRISTINE TRACY, SAM LATHROP, MARK BELL, and BRIAN HOLZGRAFE, | ) ) ) ) |
| Defendants. | |

### DEFENDANT QUINCY UNIVERSITY CORPORATION'S
### ANSWER TO COUNT I OF PLAINTIFF'S COMPLAINT

COMES NOW defendant Quincy University Corporation (hereinafter "defendant"), by and through its undersigned attorneys, and for its Answer to Count I of plaintiff's Complaint, states as follows:

### INTRODUCTION

1. For its answer to the allegations contained in paragraph 1 of plaintiff's Complaint, defendant admits that plaintiff attempts to allege causes of action based on the alleged conduct addressed in paragraph 1 of plaintiff's Complaint. Defendant denies the remaining allegations contained in paragraph 1 of plaintiff's Complaint.

## JURISDICTION AND VENUE

2. Defendant admits the allegations contained in paragraph 2 of plaintiff's Complaint. However, defendant denies that it is liable for the claims alleged, and further states that plaintiff's Complaint fails to state claims upon which relief may be granted.

3. Defendant denies the allegations contained in paragraph 3 of plaintiff's Complaint.

4. Defendant admits the allegations contained in paragraph 4 of plaintiff's Complaint. Defendant denies that it is liable for the claims alleged, and further states that plaintiff's Complaint fails to state claims upon which relief may be granted.

5. For its answer to the allegations contained in paragraph 5 of plaintiff's Complaint, defendant admits that plaintiff is and was a citizen of the U.S., who enjoyed all the rights, freedoms, and liberties as afforded under the Constitution of the U.S. and the laws of the State of Illinois. Defendant admits that plaintiff was enrolled as a student at QU for the 2016-2017 academic calendar year, and was under academic and athletic scholarship with QU. Defendant admits that plaintiff played tennis at QU in its NCAA Division II Men's Tennis Program during that time. Defendant denies the remaining allegations contained in paragraph 5 of plaintiff's Complaint.

6. Defendant admits the allegations contained in paragraph 6 of plaintiff's Complaint.

7. For its answer to the allegations contained in paragraph 7 of plaintiff's Complaint, defendant admits that it is and was a private university that provides and operates an NCAA Division II Department of Intercollegiate Athletics, and that it employed an NCAA Division II Department of Intercollegiate Athletic Director. Defendant further admits that it has a NCAA Division II Men's Tennis Program and team, which was managed and coached by the head tennis coach and his staff. Defendant admits that the Men's Tennis Program was overseen by Mark Bell. Defendant makes no response to the allegations that it "received and continues to receive federal assistance as described in and defined by Title IX," as said allegation amounts to a legal conclusion, requiring no response. Defendant denies the remaining allegations contained in paragraph 7 of plaintiff's Complaint.

8. Defendant denies the allegations contained in paragraph 8 of plaintiff's Complaint.

9. For its answer to the allegations contained in paragraph 9 of plaintiff's Complaint, upon information and belief, defendant admits that Tracy is resident of the State of Illinois. Defendant admits the remaining allegations contained in paragraph 9 of plaintiff's Complaint.

10. For its answer to the allegations contained in paragraph 10 of plaintiff's Complaint, upon information and belief, defendant admits that Lathrop is a resident of

the State of Illinois. Defendant admits the remaining allegations contained in paragraph 10 of plaintiff's Complaint.

11. For its answer to the allegations contained in paragraph 11 of plaintiff's Complaint, upon information and belief, defendant admits that Bell is a resident of the State of Illinois. Defendant admits that Bell was the Vice President of Intercollegiate Athletics and served as defendant's Athletic Director. Defendant denies the remaining allegations contained in paragraph 11 of plaintiff's Complaint.

12. For its answer to the allegations contained in paragraph 12 of plaintiff's Complaint, upon information and belief, defendant admits that Holzgrafe is a resident of the State of Illinois. Defendant admits that Holzgrafe acted in the capacity of Head Tennis Coach of the Men's and Women's Tennis Programs of QU. Defendant admits that Holzgrafe resigned from QU in May 2017. Defendant admits that Holzgrafe directly managed and supervised his assistant coaches, including Chris Bueler, and student-athletes. Defendant denies the remaining allegations contained in paragraph 12 of plaintiff's Complaint.

**ALLEGATIONS COMMON TO ALL COUNTS OF THE COMPLAINT**

13. Defendant incorporates its answers to paragraphs 1 through 12 of plaintiff's Complaint, as though fully set forth herein.

14. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 14 of plaintiff's Complaint, and therefore, demands strict proof thereof.

15. Defendant admits that plaintiff was recruited by Holzgrafe to play tennis at QU, and that QU offered athletic and academic scholarships to plaintiff. Defendant denies the remaining allegations contained in paragraph 15 of plaintiff's Complaint.

16. For its answer to the allegations contained in paragraph 16 of plaintiff's Complaint, defendant admits that plaintiff's 2016-2017 scholarship offer from QU totaled $27,000, and was allocated as follows: (1) $11,000 for the 2015-2016 academic year pursuant to the QU Athletic Grant; and (2) $16,000 for the Anthony of Padua Scholarship, with contingencies. Defendant denies the remaining allegations contained in paragraph 16 of plaintiff's Complaint.

17. For its answer to the allegations contained in paragraph 17 of plaintiff's Complaint, defendant admits that, on November 16, 2015, plaintiff signed a National Letter of Intent to play tennis at QU, accepting QU's scholarship offers. For the remainder of its answer to the allegations contained in paragraph 17 of plaintiff's Complaint, defendant incorporates its answer to allegations contained in paragraph 16 of plaintiff's Complaint.

18. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 18 of plaintiff's Complaint, and therefore, demands strict proof thereof.

19. Defendant denies the allegations contained in paragraph 19 of plaintiff's Complaint.

20. For its answer to the allegations contained in paragraph 20 of plaintiff's Complaint, defendant admits that plaintiff was enrolled at QU in the Fall 2016 semester and was a member of the Men's Tennis Program. Defendant denies the remaining allegations contained in paragraph 20 of plaintiff's Complaint.

21. For its answer to the allegations contained in paragraph 21 of plaintiff's Complaint, defendant admits that, prior to and during plaintiff's enrollment at QU, certain policies and procedures were in place that impacted students and student-athletes at QU. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in paragraph 21 of plaintiff's Complaint, and therefore, demands strict proof thereof.

22. For its answer to the allegations contained in paragraph 22 of plaintiff's Complaint, defendant admits that, as a freshman member of the Men's Tennis Program and during the 2016-2017 academic year and tennis season, plaintiff played singles and doubles matches. Defendant denies the remaining allegations contained in paragraph 22 of plaintiff's Complaint

23. Defendant denies the allegations contained in paragraph 23, of plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of plaintiff's Complaint, including subparts (a) through (e).

25. For its answer to the allegations contained in paragraph 25 of plaintiff's Complaint, defendant admits that it was aware of the stated allegations. Defendant denies the remaining allegations contained in paragraph 25 of plaintiff's Complaint.

26. For its answer to the allegations contained in paragraph 26 of plaintiff's Complaint, defendant admits that it commenced an investigation into the allegations. Defendant denies the remaining allegations contained in paragraph 26 of plaintiff's Complaint.

27. For its answer to the allegations contained in paragraph 27 of plaintiff's Complaint, defendant admits that Tracy was the Dean of Students and Academic Success and that Lathrop was the Director of Safety and Security and the designated Title IX Investigator. Defendant further admits that it conducted an investigation. Defendant denies the allegations contained in paragraph 27 of plaintiff's Complaint.

28. For its answer to the allegations contained in paragraph 28 of plaintiff's Complaint, defendant admits that Holzgrafe remained head coach of the Men's and Women's Tennis Programs until the end of the 2016-2017 academic and tennis season.

Defendant denies the remaining allegations contained in paragraph 28 of plaintiff's Complaint.

29. For its answer to the allegations contained in paragraph 29 of plaintiff's Complaint, defendant admits that, as part of an investigation, Lathrop interviewed several student-athletes, including plaintiff. Defendant denies the remaining allegations contained in paragraph 29 of plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 32 of plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of plaintiff's Complaint.

34. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 34 of plaintiff's Complaint, and therefore, demands strict proof thereof.

35. Defendant denies the allegations contained in paragraph 35 of plaintiffs Complaint, including subparts (a) through (f).

36. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 36 of plaintiff's Complaint, and therefore, demands strict proof thereof.

37. Defendant denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39. Defendant denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40. Defendant denies the allegations contained in paragraph 40 of plaintiff's Complaint.

41. For its answer to the allegations contained in paragraph 41 of plaintiff's Complaint, defendant admits that the substance of the text messages alleged in paragraph 41, subparts (a) and (b), were sent to plaintiff's phone on said dates. Defendant denies that a text was sent at 4:54 p.m. on April 11, 2017. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in paragraph 41, including subparts (a) and (b), and therefore, demands strict proof thereof.

42. Defendant denies the allegations contained in paragraph 42 of plaintiff's Complaint.

43. Defendant denies the allegations contained in paragraph 43 of plaintiff's Complaint.

44. Defendant denies the allegations contained in paragraph 44 of plaintiff's Complaint.

45. Defendant denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46. Defendant denies the allegations contained in paragraph 46 of plaintiff's Complaint.

47. For its answer to the allegations contained in paragraph 47 of plaintiff's Complaint, defendant admits that Lathrop received text messages about a teammate drawing pictures during class of a snake and a rat. Defendant denies that plaintiff complained he was "depicted" as a snake and a rat. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in paragraph 47 of plaintiff's Complaint, and therefore, demands strict proof thereof.

48. Defendant denies the allegations contained in paragraph 48 of plaintiff's Complaint.

49. Defendant denies the allegations contained in paragraph 49 of plaintiff's Complaint.

50. Defendant denies the allegations contained in paragraph 50 of plaintiff's Complaint.

51. Defendant denies the allegations contained in paragraph 51 of plaintiff's Complaint.

## COUNT I
**(Title IX – Retaliation v. QU)**

52. For its answer to the allegations contained in paragraph 52, Count I of plaintiff's Complaint, defendant incorporates its answers to paragraphs 1 through 51 of plaintiff's Complaint, as though fully stated herein.

53. Defendant admits the allegations contained in paragraph 53, Count I of plaintiff's Complaint. Defendant denies, however, that it is liable under the cited statute and regulations.

54. Defendant makes no response to the allegations contained in paragraph 54, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. Defendant states that the cited statute speaks for itself. Defendant denies that it is liable under Title IX.

55. Defendant makes no response to the allegations contained in paragraph 55, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. Defendant states that the cited regulation speaks for itself. Defendant denies that it is liable under Title IX or the cited regulation.

56. For its answer to the allegations contained in paragraph 56, Count I of plaintiff's Complaint, defendant admits that it receives federal financial assistance and

the benefits therefrom. Defendant makes no response to the remaining allegations contained in paragraph 56, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. Defendant denies that it is liable under the cited statutes.

57. Defendant makes no response to the allegations contained in paragraph 57, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. Defendant states that the duties it owed – if any – are defined by law. To the extent an answer is required, defendant denies the allegations.

58. Defendant makes no response to the allegations contained in paragraph 58, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. Defendant denies that it is liable under Title IX.

59. Defendant makes no response to the allegations contained in paragraph 59, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. Defendant denies that it is liable under Title IX.

60. Defendant makes no response to the allegations contained in paragraph 60, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. To the extent an answer is required, defendant denies the allegations.

61. For its answer to the allegations contained in paragraph 61, Count I of plaintiff's Complaint, defendant admits that it was aware of plaintiff's participation in the investigation that was administered by QU. For the remaining allegations contained

Lozier vs. Quincy University Corp., et. al.
Case No.: 3:18-cv-03077-SEM-TSH
Page 12 of 19

in paragraph 61, Count I of plaintiff's Complaint, defendant incorporates its answer to the allegations contained in paragraph 60, Count I of plaintiff's Complaint, as though fully set forth herein.

62. Defendant denies the allegations contained in paragraph 62, Count I of plaintiff's Complaint.

63. Defendant denies the allegations contained in paragraph 63, Count I of plaintiff's Complaint.

64. Defendant denies the allegations contained in paragraph 64, Count I of plaintiff's Complaint.

65. Defendant denies the allegations contained in paragraph 65, Count I of plaintiff's Complaint.

66. For its answer to the allegations contained in paragraph 66, Count I of plaintiff's Complaint, defendant admits that plaintiff and/or his parents reported conduct that they deemed retaliatory to Lathrop, Tracy, and Conover. Defendant denies the remaining allegations contained in paragraph 66, Count I of plaintiff's Complaint.

67. Defendant denies the allegations contained in paragraph 67, Count I of plaintiff's Complaint.

68. Defendant admits the allegations contained in paragraph 68, Count I of plaintiff's Complaint. Defendant denies, however, that it retaliated against plaintiff in violation of Title IX.

69. Defendant admits the allegations contained in paragraph 69, Count I of plaintiff's Complaint. However, defendant denies the allegations to the extent that they imply complaints made in bad faith are irrelevant.

70. Defendant admits the allegations contained in paragraph 70, Count I of plaintiff's Complaint. Defendant denies, however, that it retaliated against plaintiff in violation of Title IX.

71. Defendant admits the allegations contained in paragraph 71, Count I of plaintiff's Complaint. Defendant denies, however, that it retaliated against plaintiff in violation of Title IX.

72. Defendant denies the allegations contained in paragraph 72, Count I of plaintiff's Complaint.

## AFFIRMATIVE DEFENSES TO COUNT I

1. Further answering and as an affirmative defense, defendant states that plaintiff has failed to state a claim upon which relief can be granted.

2. Further answering and as an affirmative defense, defendant is not liable under Title IX, as no retaliation occurred after defendant first gained knowledge of the first initial act of alleged retaliation.

3. Further answering and as an affirmative defense, defendant is not liable under Title IX, as defendant took prompt, effective action upon learning of the alleged

retaliation, including, but not limited to, complying with plaintiff's requests to complete the semester online.

4. Further answering and as an affirmative defense, defendant is not liable under Title IX, as the alleged retaliation was caused by third parties over whom defendant had no control.

5. Further answering and as an affirmative defense, defendant is not liable under Title IX, as plaintiff participated in the investigation in bad faith.

6. Further answering and as an affirmative defense, the alleged retaliatory conduct would have occurred even absent the alleged retaliation.

7. Further answering and as an affirmative defense, plaintiff cannot establish a causal connection between any damages as alleged and any improper conduct on the part of defendant.

8. Further answering and as an affirmative defense, in the event defendant is found liable under Title IX, plaintiff is not entitled to recover punitive damages. <u>Barnes v. Gorman</u>, 536 U.S. 181 (2002); <u>Doe 20 v. Bd. of Ed. of Comm. Unit Sch. Dist. No. 5</u>, 680 F.Supp.2d 957 (C.D. Ill. 2010).

9. Further answering and as an affirmative defense, defendant states that plaintiff's Complaint does not state a claim for punitive damages because it violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in the following particulars:

a)  Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

   i)  The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon the defendant for the same act or omission, and because an award of punitive damages can be imposed upon the defendant even though the defendant was convicted or acquitted of a factually related offense in an underlying criminal proceeding;

   ii) The Self-Incrimination Clause is violated because the defendant can be compelled to give testimony against itself;

b)  Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature;

c)  Plaintiff's claim for punitive damages violates the defendant's right to access the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills Defendant's exercise of that right;

d)  Plaintiff's claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed;

e)  Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clause of the Fourteenth Amendment for the following reasons:

   i)  The standard or test for determining the requisite mental state of the defendant for imposition of punitive damages is void for vagueness;

   ii) Insofar as punitive damages are not measured against actual injury to Plaintiffs, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages as may be awarded, and the amount of punitive

damages that may be awarded is determinate at the time of the defendant's alleged egregious conduct;

iii) The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which suit is filed, such that the defendant is denied equal protection of the law;

iv) Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive;

v) Grossly excessive or arbitrary punishments may be imposed on a party;

vi) There is no notice of the severity of punishment that may be inflicted for any particular conduct;

vii) Punitive damages allow for the arbitrary deprivation of property;

viii) Punitive damages allow for a great disparity between the actual harm suffered and the punitive damages awarded;

ix) Punitive damages allow for punishment that is unreasonable and not proportionate to the amount of harm plaintiff has suffered and the amount of damages awarded.

10. Further answering and as an affirmative defense, defendant states that plaintiff's Complaint does not state a claim for punitive damages because it violates Article I, Section 2 and Article I, Section 12 of the Illinois Constitution.

## COUNTS II – XII

Defendant makes no response to the allegations contained in Counts II through XII of plaintiff's Complaint, as defendant has filed a Motion to Dismiss Counts II through XII of plaintiff's Complaint contemporaneously with this Answer.

WHEREFORE, having fully answered plaintiff's Complaint, defendant Quincy University Corporation prays that this Honorable Court dismiss the claims against it, with its costs herein expended, award it attorney's fees, and for such further relief this Court deems just and proper.

**DEFENDANT QUINCY UNIVERSITY CORPORATION DEMANDS TRIAL BY JURY**

/s/ Denise Baker-Seal
Denise Baker-Seal, #6255589
BROWN & JAMES, P.C.
Attorneys for Defendants
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois 62220-1547
Ph: 618-235-5590
Fax: 618-235-5591
Email: dseal@bjpc.com; dowens@bjpc.com

# AFFIDAVIT OF SERVICE

I, the undersigned, on the 8th day of June, 2018 electronically filed this document with the United States District Court, Central District of Illinois which will send electronic notification to each of the following:

Mr. Patrick J. Sheehan, III
Sheehan & Sheehan, Lawyers, P.C.
1215 South 4th Street, Suite A
Springfield, IL 62703
jr@sheehanlaw.net
**(Counsel for Plaintiff)**

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ Denise Baker-Seal

14363659