# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cv-3077 |
| ) | |
| QUINCY UNIVERSITY ) | |
| CORPORATION, CHRISTINE ) | |
| TRACY, SAM LATHROP, ) | |
| MARK BELL, and ) | |
| BRIAN HOLZGRAFE, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Strike (d/e 19) filed by Defendants Quincy University Corporation, Christine Tracy, Sam Lathrop, Mark Bell, and Brian Holzgrafe. Defendants have also filed motions to dismiss which are addressed by separate order. The Motion to Strike is GRANTED IN PART and DENIED IN PART.

Pursuant to Rule 12(f) of the Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Fed.R.Civ.P. 12(f). The Court has considerable discretion under Rule 12(f). Delta Consulting Group, Inc. v. R. Randle Construction Inc., 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because such motions often only delay the proceedings. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). However, if a motion to strike removes unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. Id.

Defendants first argue that Plaintiff is not entitled to attorney's fees on his tort claims (Counts III, IV, and VII through XII), the breach of contract claim (Count V), and the promissory estoppel claim (Count VI). Plaintiff does not dispute that he is not entitled to attorney's fees on these claims but argues that the Court need not strike the request because each prayer for relief specifically states "… plus attorneys' fees (if applicable)." Because attorney's fees are not applicable on these counts, the Court STRIKES the request for attorney's fees on the remaining state court claims, Counts III, V, VI, VIII, IX, XI, and XII.[1]

---

[1] For sake of clarity, the Court notes that Counts IV, VII, and X have been dismissed in the separate order entered on Defendants' motions to dismiss.

Defendants next argue that Plaintiff is not entitled to punitive damages for the Title IX claims (Counts I and II), the intentional infliction of emotional distress claim (Count III), the negligent infliction of emotional distress claim (Count IV), and the negligent supervision claim (Count XI).  Because the Court has dismissed the negligent infliction of emotional distress claim by separate order, the Court will not address the request for punitive damages in that Count.  With regard to the negligent supervision claim, Defendant argues that Plaintiff has not alleged that the conduct was willful and wanton or done with malice or recklessness.

Plaintiff concedes that punitive damages are not available under Counts I, II, and III.  Therefore, the Court STRIKES the request for punitive damages in those Counts.

The Court will not strike the request for punitive damages in the negligent supervision count.  Punitive damages may generally be recovered where the act in question is "characterized by wantonness, malice, oppression or circumstances of aggravation." Knierim v, Izzo, 22 Ill.2d 73, 87 (1961).  Plaintiff alleges conduct by Holzgrafe that could rise to this level.  See Compl. ¶ 24 (detailing

the reckless driving and the hit-and-run accident); ¶ 163 (incorporating paragraphs 1 through 162 into Count XI).

Defendants next argue that the negligent supervision and negligent retention Counts are redundant and that the Court should strike one of the Counts. The Illinois Supreme Court has not explicitly held whether negligent retention and negligent supervision are independent torts but did appear to treat the claims as one in Van Horne v. Muller, 185 Ill. 2d 299 (1998) (wherein the plaintiff alleged negligent hiring, supervision, and retention; on review the Illinois Supreme Court considered whether the plaintiff stated a claim for negligent hiring and negligent retention). In any event, although Plaintiff will only be entitled to one recovery unless separate acts of negligence result in distinct injuries, the Court will not dismiss either Count at this time. See Volling v. Antioch Rescue Squad, 999 F. Supp. 2d 991, 1006 (N.D. Ill. 2013) (refusing to dismiss either the negligent supervision or negligent retention as duplicative at the pleading stage because a plaintiff is not required to set forth any legal theory and the plaintiff pled plausible claims).

Finally, Defendants move to strike the allegation in Plaintiff's false light claim that states: "Defendant Lathrop also prepared an

investigative report in the course of the Title IX Investigation that is misleading, inaccurate, and discredits Plaintiff." The Court STRIKES paragraph 149 because the Court has dismissed the false light claim against Lathrop. Therefore, this allegation is immaterial.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

(1) Defendants' Motion to Strike (d/e 19) is GRANTED IN PART and DENIED IN PART.

(2) The Court STRIKES the request for attorney's fees in Counts III, V, VI, VIII, IX, XI, and XII.

(3) The Court STRIKES the request for punitive damages in Counts I, II, and III.

(4) The Court STRIKES paragraph 149 of the Complaint as immaterial.

**ENTERED: January 31, 2019**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**