# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

DANIEL R. LOZIER, II,         )
          )
      Plaintiff,       )
          )
vs.              )     No.: 3:18-cv-03077-SEM-TSH
          )
QUINCY UNIVERSITY CORPORATION and  )
BRIAN HOLZGRAFE,      )
          )
      Defendants.

## ANSWER

COMES NOW defendant Quincy University Corporation (hereinafter "QU"), by and through its undersigned attorneys, and for its Answer to plaintiff Daniel R. Lozier, II's Complaint, states as follows:

## INTRODUCTION

1.    For its answer to the allegations contained in paragraph 1 of plaintiff's Complaint, QU admits that plaintiff attempts to allege causes of action based on the alleged conduct addressed in paragraph 1 of plaintiff's Complaint.  QU denies all remaining allegations contained in paragraph 1 of plaintiff's Complaint.

## JURISDICTION AND VENUE

2.    QU admits the allegations contained in paragraph 2 of plaintiff's Complaint.  However, QU denies that it is liable for the claims alleged, and further states that plaintiff's Complaint fails to state claims upon which relief may be granted.

3.      QU denies the allegations contained in paragraph 3 of plaintiff's Complaint.

4.      QU admits the allegations contained in paragraph 4 of plaintiff's Complaint.  QU denies that it is liable for the claims alleged, and further states that plaintiff's Complaint fails to state claims upon which relief may be granted.

5.      For its answer to the allegations contained in paragraph 5 of plaintiff's Complaint, QU admits that plaintiff is and was a citizen of the U.S., who enjoyed all the rights, freedoms, and liberties as afforded under the Constitution of the U.S. and the laws of the State of Illinois.  QU admits that plaintiff was enrolled as a student at QU for the 2016-2017 academic calendar year, and that plaintiff was under academic and athletic scholarship with QU.  QU admits that plaintiff played tennis at QU in its NCAA Division II Men's Tennis Program during that time.  QU denies all remaining allegations contained in paragraph 5 of plaintiff's Complaint.

6.      QU admits the allegations contained in paragraph 6 of plaintiff's Complaint.

7.      For its answer to the allegations contained in paragraph 7 of plaintiff's Complaint, QU admits that it is and was a private university that provides and operates an NCAA Division II Department of Intercollegiate Athletics, and that it employed an NCAA Division II Department of Intercollegiate Athletic Director.  QU further admits that it has a NCAA Division II Men's Tennis Program and team, which was managed and coached by the head tennis coach and his staff.  QU admits that the Men's Tennis Program

was overseen by Mark Bell. QU makes no response to the allegations that it "received and continues to receive federal assistance as described in and defined by Title IX," as said allegation amounts to a legal conclusion, requiring no response. QU denies all remaining allegations contained in paragraph 7 of plaintiff's Complaint.

8. QU denies the allegations contained in paragraph 8 of plaintiff's Complaint.

9. For its answer to the allegations contained in paragraph 9 of plaintiff's Complaint, upon information and belief, QU admits that Tracy is resident of the State of Illinois. QU admits the remaining allegations contained in paragraph 9 of plaintiff's Complaint.

10. For its answer to the allegations contained in paragraph 10 of plaintiff's Complaint, upon information and belief, QU admits that Lathrop is a resident of the State of Illinois. QU admits the remaining allegations contained in paragraph 10 of plaintiff's Complaint.

11. For its answer to the allegations contained in paragraph 11 of plaintiff's Complaint, upon information and belief, QU admits that Bell is a resident of the State of Illinois. QU admits that Bell was the Vice President of Intercollegiate Athletics and served as QU's Athletic Director. QU denies all remaining allegations contained in paragraph 11 of plaintiff's Complaint.

12. For its answer to the allegations contained in paragraph 12 of plaintiff's Complaint, upon information and belief, QU admits that Holzgrafe is a resident of the

State of Illinois. QU admits that Holzgrafe acted in the capacity of Head Tennis Coach of the Men's and Women's Tennis Programs of QU. QU admits that Holzgrafe resigned from QU in May 2017. QU admits that Holzgrafe directly managed and supervised his assistant coaches, including Chris Bueler, and student-athletes. QU denies all remaining allegations contained in paragraph 12 of plaintiff's Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS OF THE COMPLAINT

13.　　QU incorporates its answers to paragraphs 1 through 12 of plaintiff's Complaint, as though fully set forth herein.

14.　　QU denies the allegations contained in paragraph 14 of plaintiff's Complaint.

15.　　QU admits that plaintiff was recruited by Holzgrafe to play tennis at QU, and that QU offered athletic and academic scholarships to plaintiff. QU denies all remaining allegations contained in paragraph 15 of plaintiff's Complaint.

16.　　For its answer to the allegations contained in paragraph 16 of plaintiff's Complaint, QU admits that plaintiff's 2016-2017 scholarship offer from QU totaled $27,000, and was allocated as follows: (1) $11,000 for the 2015-2016 academic year pursuant to the QU Athletic Grant; and (2) $16,000 for the Anthony of Padua Scholarship, with contingencies. QU denies all remaining allegations contained in paragraph 16 of plaintiff's Complaint.

17. For its answer to the allegations contained in paragraph 17 of plaintiff's Complaint, QU admits that, on November 16, 2015, plaintiff signed a National Letter of Intent to play tennis at QU, accepting QU's scholarship offers. For the remainder of its answer to the allegations contained in paragraph 17 of plaintiff's Complaint, QU incorporates its answer to allegations contained in paragraph 16 of plaintiff's Complaint, as though fully set forth herein.

18. QU has insufficient knowledge to admit or deny the allegations contained in paragraph 18 of plaintiff's Complaint.

19. QU denies the allegations contained in paragraph 19 of plaintiff's Complaint.

20. For its answer to the allegations contained in paragraph 20 of plaintiff's Complaint, QU admits that plaintiff was enrolled at QU in the Fall 2016 semester and was a member of the Men's Tennis Program. QU denies all remaining allegations contained in paragraph 20 of plaintiff's Complaint.

21. For its answer to the allegations contained in paragraph 21 of plaintiff's Complaint, QU admits that, prior to and during plaintiff's enrollment at QU, certain policies and procedures were in place that impacted students and student-athletes at QU. QU denies all remaining allegations contained in paragraph 21 of plaintiff's Complaint.

22. For its answer to the allegations contained in paragraph 22 of plaintiff's Complaint, QU admits that, as a freshman member of the Men's Tennis Program and

during the 2016-2017 academic year and tennis season, plaintiff played singles and doubles matches. QU denies all remaining allegations contained in paragraph 22 of plaintiff's Complaint

23.     QU denies the allegations contained in paragraph 23, of plaintiff's Complaint.

24.     QU denies the allegations contained in paragraph 24 of plaintiff's Complaint, including subparts (a) through (e).

25.     For its answer to the allegations contained in paragraph 25 of plaintiff's Complaint, QU admits that the stated allegations were made. QU denies all remaining allegations contained in paragraph 25 of plaintiff's Complaint.

26.     For its answer to the allegations contained in paragraph 26 of plaintiff's Complaint, QU admits that it commenced an investigation into the allegations. QU denies all remaining allegations contained in paragraph 26 of plaintiff's Complaint.

27.     For its answer to the allegations contained in paragraph 27 of plaintiff's Complaint, QU admits that Tracy was the Dean of Students and Academic Success. QU admits that Lathrop was the Director of Safety and Security and the designated Title IX Investigator. QU further admits that it conducted an investigation. QU denies the allegations contained in paragraph 27 of plaintiff's Complaint.

28.     For its answer to the allegations contained in paragraph 28 of plaintiff's Complaint, QU admits that Holzgrafe remained head coach of the Men's and Women's

Tennis Programs until the end of the 2016-2017 academic and tennis season. QU denies all remaining allegations contained in paragraph 28 of plaintiff's Complaint.

29.  For its answer to the allegations contained in paragraph 29 of plaintiff's Complaint, QU admits that, as part of an investigation, Lathrop interviewed several student-athletes, including plaintiff. QU denies all remaining allegations contained in paragraph 29 of plaintiff's Complaint.

30.  QU denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31.  QU denies the allegations contained in paragraph 31 of plaintiff's Complaint.

32.  QU denies the allegations contained in paragraph 32 of plaintiff's Complaint.

33.  QU denies the allegations contained in paragraph 33 of plaintiff's Complaint.

34.  QU has insufficient knowledge to admit or deny the allegations contained in paragraph 34 of plaintiff's Complaint.

35.  For its answer to the allegations contained in paragraph 35 of plaintiff's Complaint, QU admits subparts (c) through (f). QU denies all remaining allegations contained in paragraph 35 of plaintiff's Complaint, including subparts (a) and (b). QU denies the substance of plaintiff's disclosures.

36. QU has insufficient knowledge to admit or deny the allegations contained in paragraph 36 of plaintiff's Complaint.

37. QU denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38. QU denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39. QU denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40. QU denies the allegations contained in paragraph 40 of plaintiff's Complaint.

41. For its answer to the allegations contained in paragraph 41 of plaintiff's Complaint, upon information and belief, QU admits that the substance of the text messages alleged in paragraph 41, subparts (a) and (b), were sent to plaintiff's phone on said dates. QU denies that a text was sent at 4:54 p.m. on April 11, 2017. QU has insufficient knowledge to admit or deny the remaining allegations contained in paragraph 41, including subparts (a) and (b).

42. QU denies the allegations contained in paragraph 42 of plaintiff's Complaint.

43. QU denies the allegations contained in paragraph 43 of plaintiff's Complaint.

44.     QU denies the allegations contained in paragraph 44 of plaintiff's Complaint.

45.     QU denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46.     QU denies the allegations contained in paragraph 46 of plaintiff's Complaint.

47.     For its answer to the allegations contained in paragraph 47 of plaintiff's Complaint, QU admits that Lathrop received text messages about a teammate drawing pictures during class of a snake and a rat.  QU denies that plaintiff complained he was "depicted" as a snake and a rat.  QU has insufficient knowledge to admit or deny the remaining allegations contained in paragraph 47 of plaintiff's Complaint.

48.     QU denies the allegations contained in paragraph 48 of plaintiff's Complaint.

49.     QU denies the allegations contained in paragraph 49 of plaintiff's Complaint.

50.     QU denies the allegations contained in paragraph 50 of plaintiff's Complaint.

51.     QU denies the allegations contained in paragraph 51 of plaintiff's Complaint.

## COUNT I
### (Title IX Retaliation v. QU)

52. For its answer to the allegations contained in paragraph 52, Count I of plaintiff's Complaint, QU incorporates its answers to paragraphs 1 through 51 of plaintiff's Complaint, as though fully stated herein.

53. QU admits the allegations contained in paragraph 53, Count I of plaintiff's Complaint. QU denies, however, that it is liable under the cited statute and regulations.

54. QU makes no response to the allegations contained in paragraph 54, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. QU states that the cited statute speaks for itself. QU denies that it is liable under Title IX.

55. QU makes no response to the allegations contained in paragraph 55, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. QU states that the cited regulation speaks for itself. QU denies that it is liable under Title IX or the cited regulation.

56. For its answer to the allegations contained in paragraph 56, Count I of plaintiff's Complaint, QU admits that it receives federal financial assistance and the benefits therefrom. QU makes no response to the remaining allegations contained in paragraph 56, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. QU denies that it is liable under the cited statutes.

57.     QU makes no response to the allegations contained in paragraph 57, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response.  QU states that the duties it owed – if any – are defined by law.  To the extent an answer is required, QU denies the allegations.

58.     QU makes no response to the allegations contained in paragraph 58, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response.  QU denies that it is liable under Title IX.

59.     QU makes no response to the allegations contained in paragraph 59, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response.  QU denies that it is liable under Title IX.

60.     QU makes no response to the allegations contained in paragraph 60, Count I of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response.  To the extent an answer is required, QU denies the allegations.

61.     For its answer to the allegations contained in paragraph 61, Count I of plaintiff's Complaint, QU admits that it was aware of plaintiff's participation in the investigation that was administered by QU.  For the remaining allegations contained in paragraph 61, Count I of plaintiff's Complaint, QU incorporates its answer to the allegations contained in paragraph 60, Count I of plaintiff's Complaint, as though fully set forth herein.

62.     QU denies the allegations contained in paragraph 62, Count I of plaintiff's Complaint.

63.     QU denies the allegations contained in paragraph 63, Count I of plaintiff's Complaint.

64.     QU denies the allegations contained in paragraph 64, Count I of plaintiff's Complaint.

65.     QU denies the allegations contained in paragraph 65, Count I of plaintiff's Complaint.

66.     For its answer to the allegations contained in paragraph 66, Count I of plaintiff's Complaint, QU admits that plaintiff and/or his parents reported conduct that they deemed retaliatory to Lathrop, Tracy, and Conover.  QU denies all remaining allegations contained in paragraph 66, Count I of plaintiff's Complaint.

67.     QU denies the allegations contained in paragraph 67, Count I of plaintiff's Complaint.

68.     QU admits the allegations contained in paragraph 68, Count I of plaintiff's Complaint.  QU denies, however, that it retaliated against plaintiff in violation of Title IX.

69.     QU denies the allegations contained in paragraph 69, Count I of plaintiff's Complaint.

70.     QU admits the allegations contained in paragraph 70, Count I of plaintiff's Complaint.  QU denies, however, that it retaliated against plaintiff in violation of Title IX.

71.     QU admits the allegations contained in paragraph 71, Count I of plaintiff's Complaint.  QU denies, however, that it retaliated against plaintiff in violation of Title IX.

72.     QU denies the allegations contained in paragraph 72, Count I of plaintiff's Complaint.

## COUNT II
**(Title IX Hostile Educational Environment v. QU)**

73.     For its answer to the allegations contained in paragraph 73, Count II of plaintiff's Complaint, QU incorporates its answers to the allegations contained in paragraphs 1 through 72 of plaintiff's Complaint, as though fully set forth herein.

74.     QU denies the allegations contained in paragraph 74, Count II of plaintiff's Complaint.

75.     QU makes no response to the allegations contained in paragraph 75, Count II of plaintiff's Complaint, as said allegations amount to a legal conclusion, requiring no response.  QU denies that it is liable under Title IX.

76.     For its answer to the allegations contained in paragraph 76, Count II of plaintiff's Complaint, QU has insufficient knowledge to admit or deny that "[a]fter Plaintiff cooperated with the Title IX Investigation, Plaintiff considered his educational environment to be hostile."  QU denies all remaining allegations contained in paragraph 76, Count II of plaintiff's Complaint.

77.     QU denies the allegations contained in paragraph 77, Count II of plaintiff's Complaint.

78.     QU admits the allegations contained in paragraph 78, Count II of plaintiff's Complaint.

79.     QU admits the allegations contained in paragraph 79, Count II of plaintiff's Complaint.

80.     QU admits the allegations contained in paragraph 80, Count II of plaintiff's Complaint.

81.     For its answer to the allegations contained in paragraph 81, Count II of plaintiff's Complaint, QU admits that Phil Conover engaged in email and phone correspondence on or about April 12, 2017 with an individual purporting to be plaintiff's father.   QU denies all remaining allegations contained in paragraph 81, Count II of plaintiff's Complaint.

82.     For its answer to the allegations contained in paragraph 82, Count II of plaintiff's Complaint, QU admits that Lathrop exchanged text messages on or about April 12, 2017 with an individual purporting to be plaintiff.   QU denies all remaining allegations contained in paragraph 82, Count II of plaintiff's Complaint.

83.     QU denies the allegations contained in paragraph 83, Count II of plaintiff's Complaint.

84.     QU denies the allegations contained in paragraph 84, Count II of plaintiff's Complaint.

85.     QU denies the allegations contained in paragraph 85, Count II of plaintiff's Complaint.

## COUNT III
**(Intentional Infliction of Emotional Distress v. Holzgrafe)**

86.     For its answer to the allegations contained in paragraph 86, Count III of plaintiff's Complaint, QU incorporates its answers to the allegations contained in paragraphs 1 through 85 of plaintiff's Complaint, as though fully set forth herein.

87.     QU denies the allegations contained in paragraph 87, Count III of plaintiff's Complaint.

88.     QU denies the allegations contained in paragraph 88, Count III of plaintiff's Complaint.

89.     QU denies the allegations contained in paragraph 89, Count III of plaintiff's Complaint.

90.     QU denies the allegations contained in paragraph 90, Count III of plaintiff's Complaint.

91.     QU denies the allegations contained in paragraph 91, Count III of plaintiff's Complaint.

## COUNT IV
### (Negligent Infliction of Emotional Distress v. QU)

QU makes no response to the allegations contained in Count IV of plaintiff's Complaint, as said Count was dismissed by the Court.

## COUNT V
### (Breach of Contract v. QU)

98.    For its answer to the allegations contained in paragraph 98, Count V of plaintiff's Complaint, QU incorporates its answers to the allegations contained in paragraphs 1 through 91 of plaintiff's Complaint, as though fully set forth herein.  QU makes no response to the allegations contained in paragraphs 92 through 97, Count IV of plaintiff's Complaint, as said Count was dismissed by the Court.

99.    QU denies the allegations contained in paragraph 99, Count V of plaintiff's Complaint.

100.    QU denies the allegations contained in paragraph 100, Count V of plaintiff's Complaint.

101.    QU denies the allegations contained in paragraph 101, Count V of plaintiff's Complaint.

102.    For its answer to the allegations contained in paragraph 102, Count V of plaintiff's Complaint, QU states that the Handbook speaks for itself, and denies any allegations that are inconsistent with the Handbook.

103.     QU denies the allegations contained in paragraph 103, Count V of plaintiff's Complaint.   QU further states that the Handbook speaks for itself, and denies any allegations that are inconsistent with the Handbook.

104.     For its answer to the allegations contained in paragraph 104, Count V of plaintiff's Complaint, QU states that the Handbook speaks for itself, and denies any allegations that are inconsistent with the Handbook.

105.     For its answer to the allegations contained in paragraph 105, Count V of plaintiff's Complaint, QU states that the Handbook speaks for itself, and denies any allegations that are inconsistent with the Handbook.

106.     For its answer to the allegations contained in paragraph 106, Count V of plaintiff's Complaint, QU states that the Handbook speaks for itself, and denies any allegations that are inconsistent with the Handbook.

107.     QU denies the allegations contained in paragraph 107, Count V of plaintiff's Complaint.

108.     For its answer to the allegations contained in paragraph 108, Count V of plaintiff's Complaint, QU states that the Handbook speaks for itself, and denies any allegations that are inconsistent with the Handbook.

109.     QU denies the allegations contained in paragraph 109, Count V of plaintiff's Complaint.

110.    For its answer to the allegations contained in paragraph 110, Count V of plaintiff's Complaint, QU states that the Handbook speaks for itself, and denies any allegations that are inconsistent with the Handbook.

111.    For its answer to the allegations contained in paragraph 111, Count V of plaintiff's Complaint, QU states that the Compliance Packet and Code of Ethics for Student-Athletes speak for themselves, and denies any allegations that are inconsistent with the Compliance Packet and Code of Ethics for Student-Athletes.

112.    For its answer to the allegations contained in paragraph 112, Count V of plaintiff's Complaint, QU states that the Code of Ethics for Student-Athletes and the Community Standard Process speak for themselves, and denies any allegations that are inconsistent with the Compliance Packet and Code of Ethics for Student-Athletes.

113.    QU denies the allegations contained in paragraph 113, Count V of plaintiff's Complaint.

114.    QU denies the allegations contained in paragraph 113, Count V of plaintiff's Complaint.

115.    QU denies the allegations contained in paragraph 115, Count V of plaintiff's Complaint.

116.    QU denies the allegations contained in paragraph 116, Count V of plaintiff's Complaint.

117.    QU denies the allegations contained in paragraph 117, Count V of plaintiff's Complaint.

## COUNT VI
### (Estoppel and Detrimental Reliance v. QU)

118.    For its answer to the allegations contained in paragraph 118, Count VI of plaintiff's Complaint, QU incorporates its answers to the allegations contained in paragraphs 1 through 91 and 98 through 117 of plaintiff's Complaint. QU makes no response to the allegations contained in Count IV of plaintiff's Complaint, as said Count was dismissed by the Court.

119.    QU makes no response to the allegations contained in paragraph 119, Count VI, as it amounts to a conclusion. QU denies that plaintiff has a cause of action under Count V or VI.

120.    QU denies the allegations contained in paragraph 120, Count VI of plaintiff's Complaint.

121.    QU denies the allegations contained in paragraph 121, Count VI of plaintiff's Complaint.

122.    For its answer to the allegations contained in paragraph 122, Count VI of plaintiff's Complaint, QU has insufficient knowledge to admit or deny if plaintiff relied upon anything. QU denies all remaining allegations contained in paragraph 122, Count VI of plaintiff's Complaint.

123.     QU denies the allegations contained in paragraph 123, Count VI of plaintiff's Complaint.

124.     QU denies the allegations contained in paragraph 124, Count VI of plaintiff's Complaint.

<u>**COUNT VII**</u>
**(Defamation v. QU)**

QU makes no response to the allegations contained in Count VII of plaintiff's Complaint, as said Count was dismissed by the Court.

<u>**COUNT VIII**</u>
**(Public Disclosure of Private Facts v. Holzgrafe)**

137.     For its answer to the allegations contained in paragraph 137, Count VIII of plaintiff's Complaint, QU incorporates its answers to the allegations contained in paragraphs 1 through 91 and 98 through 124 of plaintiff's Complaint, as though fully set forth herein.  QU makes no response to the allegations contained in Counts IV and VII of plaintiff's Complaint, as said Counts were dismissed by the Court.

138.     For its answer to the allegations contained in paragraph 138, Count VIII of plaintiff's Complaint, QU has insufficient knowledge to admit or deny what plaintiff expected.  QU makes no response to the allegations regarding 34 C.F.R. § 107(e), as said allegations amount to a legal conclusion, requiring no response.  QU denies all remaining allegations contained in paragraph 138, Count VIII of plaintiff's Complaint.

139. QU denies the allegations contained in paragraph 139, Count VIII of plaintiff's Complaint.

140. QU denies the allegations contained in paragraph 140, Count VIII of plaintiff's Complaint.

141. QU denies the allegations contained in paragraph 141, Count VIII of plaintiff's Complaint.

142. QU denies the allegations contained in paragraph 142, Count VIII of plaintiff's Complaint.

143. QU denies the allegations contained in paragraph 143, Count VIII of plaintiff's Complaint.

144. QU denies the allegations contained in paragraph 144, Count VIII of plaintiff's Complaint.

145. QU denies the allegations contained in paragraph 145, Count VIII of plaintiff's Complaint.

146. QU denies the allegations contained in paragraph 146, Count VIII of plaintiff's Complaint.

## COUNT IX
### (False Light v. QU)

147. For its answer to the allegations contained in paragraph 147, Count IX of plaintiff's Complaint, QU incorporates its answers to the allegations contained in

paragraphs 1 through 91, 98 through 124, and 137 through 146 of plaintiff's Complaint, as though fully set forth herein. QU makes no response to the allegations contained in Counts IV and VII of plaintiff's Complaint, as said Counts were dismissed by the Court.

148.    QU denies the allegations contained in paragraph 148, Count IX of plaintiff's Complaint.

149.    QU makes no response to the allegations contained in paragraph 149, Count IX of plaintiff's Complaint, as said allegations were stricken by the Court. To the extent an answer is required, QU denies the allegations.

150.    QU denies the allegations contained in paragraph 150, Count IX of plaintiff's Complaint.

151.    QU denies the allegations contained in paragraph 151, Count IX of plaintiff's Complaint.

152.    QU denies the allegations contained in paragraph 152, Count IX of plaintiff's Complaint.

153.    QU denies the allegations contained in paragraph 153, Count IX of plaintiff's Complaint.

154.    QU denies the allegations contained in paragraph 154, Count IX of plaintiff's Complaint.

155.    QU denies the allegations contained in paragraph 155, Count IX of plaintiff's Complaint.

## COUNT X
## (Intrusion Upon Seclusion v. QU)

QU makes no response to the allegations contained in Count X of plaintiff's Complaint, as said Count was dismissed by the Court.

## COUNT XI
## (Negligent Supervision v. QU)

163. For its answer to the allegations contained in paragraph 163, Count IX of plaintiff's Complaint, QU incorporates its answers to the allegations contained in paragraphs 1 through 91, 98 through 124, and 137 through 155 of plaintiff's Complaint, as though fully set forth herein. QU makes no response to the allegations contained in Counts IV, VII, and X of plaintiff's Complaint, as said Counts were dismissed by the Court.

164. QU makes no response to the allegations contained in paragraph 164, Count IX of plaintiff's Complaint, as the allegations amount to a legal conclusion, requiring no response. QU denies that it is liable for negligent supervision.

165. QU denies the allegations contained in paragraph 165, Count IX of plaintiff's Complaint.

166. QU makes no response to the allegations contained in paragraph 166, Count IX of plaintiff's Complaint, as said allegations amount to a legal conclusion, requiring no response. QU states that the duty it owes – if any – if defined by law.

167.   QU denies the allegations contained in paragraph 167, Count XI of plaintiff's Complaint.

168.   QU denies the allegations contained in paragraph 168, Count XI of plaintiff's Complaint.

## COUNT XII
## (Negligent Retention v. QU)

169.   For its answer to the allegations contained in paragraph 163, Count IX of plaintiff's Complaint, QU incorporates its answers to the allegations contained in paragraphs 1 through 91, 98 through 124, 137 through 155, and 163 through 168 of plaintiff's Complaint, as though fully set forth herein.  QU makes no response to the allegations contained in Counts IV, VII, and X of plaintiff's Complaint, as said Counts were dismissed by the Court.

170.   QU denies the allegations contained in paragraph 170, Count XII of plaintiff's Complaint.

171.   QU makes no response to the allegations contained in paragraph 171, Count XII of plaintiff's Complaint, as said allegations amount to a legal conclusion, requiring no response.  QU states that the duty it owed – if any – is defined by law.

172.   QU denies the allegations contained in paragraph 172, Count XII of plaintiff's Complaint.

173.    QU denies the allegations contained in paragraph 173, Count XII of plaintiff's Complaint.

174.    QU denies the allegations contained in paragraph 174, Count XII of plaintiff's Complaint.

175.    QU denies the allegations contained in paragraph 175, Count XII of plaintiff's Complaint.

176.    QU denies the allegations contained in paragraph 176, Count XII of plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.    Further answering and as an affirmative defense, QU states that plaintiff has failed to state claims upon which relief can be granted.

2.    Further answering and as an affirmative defense, QU is not liable under Title IX, as no retaliation occurred after QU first gained knowledge of the first initial act of alleged retaliation.

3.    Further answering and as an affirmative defense, QU is not liable under Title IX, as QU took prompt, effective action upon learning of the alleged retaliation, including, but not limited to, complying with plaintiff's requests to complete the semester online.

4.      Further answering and as an affirmative defense, QU is not liable under Title IX, as the alleged retaliation and hostile educational environment were caused by third parties over whom QU had no control.

5.      Further answering and as an affirmative defense, QU is not liable under Title IX, as plaintiff participated in the investigation in bad faith.

6.      Further answering and as an affirmative defense, the alleged retaliatory conduct would have occurred even absent the alleged retaliation.

7.      Further answering and as an affirmative defense, the alleged hostile educational environment would have occurred even absent the Title IX investigation.

8.      Further answering and as an affirmative defense, plaintiff cannot establish a causal connection between any damages as alleged and any improper conduct on the part of QU.

9.      Further answering and as an affirmative defense, plaintiff disclosed the alleged private facts to students at QU's university prior to QU's alleged disclosure.

10.     Further answering and as an affirmative defense, plaintiff's state law claims are preempted by the Illinois Human Rights Act.

11.     Further answering and as an affirmative defense, plaintiff is barred from recovering under both negligent supervision and negligent retention theories.

WHEREFORE, having fully answered plaintiff's Complaint, defendant Quincy University Corporation prays to be dismissed from this cause of action, with its costs herein expended, and for such further relief this Court deems just and proper.

**DEFENDANT QUINCY UNIVERSITY CORPORATION DEMANDS TRIAL BY JURY ON ALL COUNTS**

/s/ Denise Baker-Seal
Denise Baker-Seal, #6255589
BROWN & JAMES, P.C.
Attorneys for Defendants
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois 62220-1547
Ph: 618-235-5590
Fax: 618-235-5591
Email: dseal@bjpc.com; dowens@bjpc.com

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 8th day of March, 2019 electronically filed this document with the United States District Court, Central District of Illinois which will send electronic notification to each of the following:

Mr. Patrick J. Sheehan, III
Sheehan & Sheehan, Lawyers, P.C.
1215 South 4th Street, Suite A
Springfield, IL 62703
jr@sheehanlaw.net
**(Counsel for Plaintiff)**

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ Denise Baker-Seal

20577928.1