# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )    No. 3:18-cv-3077 |
| | ) |
| QUINCY UNIVERSITY | ) |
| CORPORATION and | ) |
| BRIAN HOLZGRAFE, | ) |
| | ) |
|    Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Leave to File Counterclaims Against Plaintiff and to File Third-Party Complaint Against Cindy Lozier (d/e 45) filed by Defendant Brian Holzgrafe. The Motion is GRANTED IN PART and DENIED IN PART. The Court grants Holzgrafe leave to amend his Answer to add counterclaims for defamation and false light/invasion of privacy against Plaintiff. The Court denies Holzgrafe leave to file a third-party complaint against Cindy Lozier.

# I. BACKGROUND

In April 2018, Plaintiff, Daniel R. Lozier II, filed a twelve-count Complaint against Quincy University Corporation; Brian Holzgrafe, the Head Tennis Coach, and other administrators at the University. Plaintiff alleged violations of federal and state law arising out of the allegedly hostile and retaliatory responses by defendants to Plaintiff's participation in an April 2017 Title IX investigation into sexual harassment allegations against Holzgrafe. Following a motion to dismiss, three claims remain against Holzgrafe: (1) Count III, intentional infliction of emotional distress, alleging that Holzgrafe engaged in extreme and outrageous conduct toward Plaintiff; (2) Count VIII, public disclosure of private facts, alleging that Holzgrafe communicated Plaintiff's personal and confidential medical information to other members of the tennis program; and (3) Count IX, false light, alleging Holzgrafe falsely indicated that Plaintiff was the source of the information that resulted in the Title IX investigation.[1]

---

[1] Nine counts remain against Quincy University. The Court dismissed the claims against the other defendants.

On March 8, 2019, Holzgrafe filed an Answer and Affirmative Defenses (d/e 34). On May 3, 2019, Holzgrafe filed a Motion for Leave to File Counterclaims Against Plaintiff and to File Third-Party Complaint Against Cindy Lozier (d/e 45). Holzgrafe seeks leave to bring defamation and false light/invasion of privacy claims against Plaintiff and his mother, Cindy Lozier, that arise out of the same transaction or occurrence or same case or controversy that is the subject of Plaintiff's claim. Holzgrafe asserts that the Court has supplemental jurisdiction of the claims pursuant to 28 U.S.C. §1367.

The proposed defamation claims allege that, in early April 2017, Plaintiff knowingly and intentionally made false allegations against Holzgrafe to Plaintiff's mother, Cindy Lozier, and at least two student-athletes. Holzgrafe alleges that Plaintiff falsely stated that Holzgrafe had sexual relations with a female student tennis player, that another female student tennis player left the program because of inappropriate advances made by Holzgrafe, and that Holzgrafe had a history of sexual misconduct with other female tennis players. On or about April 8, 2017, Cindy Lozier repeated the false statements to one or more other Quincy University student

tennis players and other tennis players. Cindy Lozier also claimed that Holzgrafe would be out as Head Tennis Coach within two weeks.

The false light/invasion of privacy claims allege that Plaintiff's and Cindy Lozier's actions of publishing false statements put Holzgrafe in a false light in the public and his profession as an adulterer and predator of young women under his charge as Head Tennis Coach at Quincy University. <u>See</u> proposed Counterclaim against Plaintiff (d/e 45-1); proposed Third Party Complaint against Cindy Lozier (d/e 45-2).

## II. ANALYSIS

**A. The Court Grants Defendant Holzgrafe Leave to Amend his Answer and Assert the Counterclaims Against Plaintiff**

Holzgrafe seeks leave to file the defamation and false light/invasion of privacy counterclaims against Plaintiff. The proposed counterclaim specifically states that the claims are not barred by the applicable statute of limitations pursuant to 735 ILCS 5/13-207, the Illinois savings provision.

Rule 13(a) of the Federal Rules of Civil Procedure provides that a pleading must state any counterclaim the pleader has against the

opposing party if the claim arises out of the transaction or occurrence that is the subject of the opposing party's claim and does not require adding another party over whom the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a). Leave to amend a pleading to add a counterclaim is governed by Rule 15 of the Rules of Civil Procedure. See McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 684 (7th Cir. 2014) (applying Rule 15 to review the denial of a motion for leave to amend third-party counterclaims); Fed. R. Civ. P. 15, Advisory Committee Notes, 2009 Amendment ("Abrogation of Rule 13(f) establishes Rule 15 as the sole rule governing the amendment of a pleading to add a counterclaim.").

Leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A court may deny leave for various reasons, including futility, undue delay, and prejudice. See Kreg Therapeutics, Inc. v. VitalGo, Inc., 919 F.3d 405, 417 (7th Cir. 2019); McCoy, 760 F.3d at 684, 687 (also noting that the underlying concern with undue delay "is the prejudice to the defendant rather than simple passage of time").

Plaintiff objects to Holzgrafe's motion for leave to file the counterclaims. Plaintiff argues that the counterclaims are futile

because the claims are barred by the statute of limitations. Plaintiff also asserts that Holzgrafe failed to timely assert his counterclaims and granting leave would be unfair to Plaintiff.

Plaintiff first argues that Holzgrafe's allegations make it clear that the counterclaims are barred by the one-year statute of limitations applicable to defamation and false light claims. 735 ILCS 5/13-201 ("Actions for slander, libel or for publication of matter violating the right to privacy, shall be commenced within one year next after the cause of action accrued."); Ludlow v. Northwestern Univ., 79 F. Supp. 3d 824, 841 (N.D. Ill. 2015) (noting that one-year statute of limitation applied to defamation and false light claims). Plaintiff argues that the Illinois savings provision, 735 ILCS 5/13-207, does not apply to counterclaims for which the statute has already expired.[2]

Section 13-207 is specifically designed to allow a defendant to bring a counterclaim after the statute of limitations has elapsed:

> A defendant may plead a set-off or counterclaim barred by the statute of limitations, while held and owned by him or her, to any action, the cause of which was owned

---

[2] Plaintiff also argued that the discovery rule does not apply to extend the statute of limitations. Holzgrafe clarified in his Reply that he was not relying on the discovery rule for his counterclaims against Plaintiff.

> by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise.

735 ILCS 5/13-207. That is, "a defendant in a lawsuit may bring a counterclaim after the period authorized in the applicable statute of limitations has elapsed, as long as the plaintiff's claim arose before the cause of action brought as a counterclaim was barred." Bethlehem Steel Corp. v. Chicago E. Corp., 863 F.2d 508, 511 (7th Cir. 1988); cf. Beneficial Ill., Inc. v. Parker, 2016 IL App (1st) 160186 (2016) (finding section 13-207 did not save the counterclaim where the statute of limitations for the counterclaim expired on July 9, 2008 and the plaintiff's cause of action arose in October 2008, when the defendant failed to make the required payment).

The purpose of section 13-207 is to prevent plaintiffs from intentionally filing their claims as late as possible so as to preclude a defendant a "reasonable opportunity" to file a counterclaim within the limitation period. Barragan v. Casco Design Corp., 216 Ill.2d 435, 446-47 (2005) (also noting that the statute recognizes that some litigants may refrain from filing a lawsuit until after a claim is filed against them); see also Bethlehem, 863 F.2d at 512 (noting

that the plaintiff "correctly observes that the theory behind paragraph 13-207 is that a plaintiff who files a claim waives the protection of the statute of limitations applicable to any counterclaims the defendant might possess."). The statute applies, however, even "in situations the drafters likely did not foresee." <u>MJ & Partners Restaurant Ltd. P'ship v. Zadikoff</u>, 126 F. Supp. 2d 1130, 1135 (N.D. Ill. 1999) (applying section 13-207 even where the plaintiff "did not engage in the sort of devious behavior lawmakers may have had in mind when enacting section 5/13-207").

Here, Plaintiff's claims arose before the limitation period for Holzgrafe's defamation and false light/invasion of privacy claims elapsed. Plaintiff's claims arose between April 2017 when he participated in the Title IX investigation and the end of the semester—May 2017—during which time Quincy University purportedly retaliated against Plaintiff and Holzgrafe engaged in the conduct of which Plaintiff complains. The limitation period on Holzgrafe's counterclaims expired in April 2018, one year after the alleged statements by Plaintiff were made. Because Plaintiff's claims arose before Holzgrafe's counterclaims were time-barred in

April 2018, the defamation and false light/invasion of privacy counterclaims are timely under section 13-207.

Plaintiff also argues that Holzgrafe was required to file the counterclaims when he filed his Answer. Plaintiff asserts that allowing Holzgrafe to assert the counterclaims at this stage of the proceedings and under these circumstances would be unfair to Plaintiff.

Defendant filed his Answer on March 8, 2019 and sought leave to file counterclaims on May 3, 2019. The Court finds that this two-month delay is not so great as to warrant denying Defendant leave to file. See, e.g., McCoy, 760 F.3d at 687 (affirming denial of leave to amend a counterclaim based on undue delay where the party sought leave 20 months after being made a party to the suit and six months after dismissal of the original counterclaims). Moreover, the case is still in the early stages, and discovery does not close until March 1, 2020. Granting Defendant leave under these circumstances would not be unfair to or prejudice Plaintiff. Therefore, the Court grants Holzgrafe leave to file an amended Answer that includes counterclaims against Plaintiff for defamation and false light/invasion of privacy.

**B. Holzgrafe's Motion for Leave to File Third-Party Complaint Against Cindy Lozier is Denied**

Holzgrafe also seeks leave to bring a third-party complaint against Cindy Lozier alleging defamation and false light/invasion of privacy.

Federal Rule of Civil Procedure 14(a)(1) provides a means by which a defendant can bring a third party into the lawsuit:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1); see also Hartford Accident & Indem. Co. v. Sullivan, 846 F.2d 377, 381 (7th Cir. 1988). The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for a defendant to bring a separate action against a third-party who may be secondarily liable to the defendant for all or part of the original claim." Central States, Se. & Sw. Areas Pension Fund v. Gopher News Co., 542 F. Supp. 2d 823, 826 (N.D. Ill. 2008).

The third-party complaint must assert that the third-party defendant is derivatively liable to the third-party plaintiff. That is, to bring a third-party complaint against Cindy Lozier, Holzgrafe

must allege Cindy Lozier is derivatively liable to Holzgrafe for Plaintiff's claims against Holzgrafe. It is not enough that the third-party claim arises out of the same occurrence or transaction as the original cause of action. See U.S. General, Inc. v. City of Joliet, 598 F.2d 1050, 1053 (7th Cir. 1979).

In this case, Holzgrafe does not allege that Cindy Lozier is derivatively liable to Holzgrafe. Instead, Holzgrafe attempts to bring independent claims against Cindy Lozier for defamation and false light/invasion of privacy. Rule 14 does not allow such a claim. Dultra v. U.S. Med. Home, Inc., No. 13 C 07598, 2016 WL 1213763, at *5 (N.D. Ill. Mar. 28, 2016) (denying leave to file third-party complaint where the defendant did not allege that the third-party defendants were derivatively liable to defendant for the plaintiff's claims). Therefore, the Court denies Holzgrafe leave to file a third-party complaint against Cindy Lozier.[3]

The Court does not read Holzgrafe's motion for leave as seeking to join Cindy Lozier as a party to the counterclaim against

---

[3] Holzgrafe asserts that he has brought a claim against Cindy Lozier in the Circuit Court of Adams County, Case No. 19-L-30, and represented that he would voluntarily dismiss such claim if allowed to bring his third-party complaint in this Court. Reply at 5-6 (d/e 51).

Plaintiff under Rule 19 or Rule 20. See Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or a crossclaim."); Fed. R. Civ. P. 19 (required joinder of parties); Rule 20 (permissive joinder of parties). If Holzgrafe intended to do so, he shall file an appropriate motion under Rule 13(h) and address why joinder is appropriate under Rule 19 or 20.

### III. CONCLUSION

For the reasons stated, Defendant Brian Holzgrafe's Motion for Leave to File Counterclaims Against Plaintiff and to File Third-Party Complaint Against Cindy Lozier (d/e 45) is GRANTED IN PART and DENIED IN PART. The Court grants Holzgrafe leave to amend his Answer to add counterclaims for defamation and false light/invasion of privacy against Plaintiff. Holzgrafe shall file the amended Answer on or before July 3, 2019. The Court denies Holzgrafe leave to file a third-party complaint against Cindy Lozier.

**ENTERED: June 26, 2019**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**