IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II,<br><br>                      Plaintiff,<br>vs.<br><br>QUINCY UNIVERSITY CORPORATION and BRIAN HOLZGRAFE,<br><br>                      Defendants.<br>BRIAN HOLZGRAFE,<br><br>                      Counter-Plaintiff,<br>vs.<br><br>DANIEL R. LOZIER, II,<br><br>                      Counter-Defendant. | Case No.: 3:18-cv-03077-SEM-TSH<br><br><br><br>JURY TRIAL DEMANDED |

## ANSWER TO COUNTERCLAIMS

NOW COMES Plaintiff/Counter-Defendant, DANIEL R. LOZIER, II, by and through his undersigned attorneys, and for his Answer to Defendant/Counter-Plaintiff Brian Holzgrafe's Counterclaims against Plaintiff/Counter-Defendant Daniel R. Lozier, II, states as follows:

### INTRODUCTION

1. Counter-Defendant denies the allegations contained in Paragraph 1 of Counter-Plaintiff's Counterclaims.

### JURSIDICITON AND VENUE

2. Counter-Defendant admits the allegations contained in Paragraph 2 of Counter-Plaintiff's Counterclaims.

3. The allegations in Paragraph 3 of Counter-Plaintiff's Counterclaims are legal conclusions requiring no response. In the event an answer is required, Counter-Defendant denies the allegations contained in Paragraph 3 of Counter-Plaintiff's Counterclaims.

## PARTIES

4. Counter-Defendant admits the allegations contained in Paragraph 4 of Counter-Plaintiff's Counterclaim.

5. Counter-Defendant admits the allegations contained in Paragraph 5 of Counter-Plaintiff's Counterclaim. Counter-Defendant further states that Counter-Plaintiff suspended him from the Quincy University ("QU") Men's Tennis Program on April 12, 2017 and was forced to complete the remainder of the academic semester at QU online from a remote location off the QU campus.

## COUNT I - DEFAMATION

6. Counter-Defendant incorporates his answers to Paragraphs 1 through 5 of Counter-Plaintiff's Counterclaims as if fully set forth herein.

7. Counter-Defendant denies the allegations contained in Paragraph 7 of Counter-Plaintiff's Counterclaims.

8. Counter-Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Counter-Plaintiff's Counterclaims and therefore denies the same. Counter-Defendant further states that the allegations contained in Paragraph 8 of Counter-Plaintiff's Counterclaims are completely irrelevant to this cause and must be stricken pursuant to Fed. R. Civ. Pro. 12(f).

9. The allegations in Paragraph 9 of Counter-Plaintiff's Counterclaims are legal conclusions requiring no response. In the event an answer is required, Counter-Defendant denies the allegations contained in Paragraph 9 of Counter-Plaintiff's Counterclaims.

10. The allegations in Paragraph 10 of Counter-Plaintiff's Counterclaims are legal conclusions requiring no response. In the event an answer is required, Counter-Defendant denies the allegations contained in Paragraph 10 of Counter-Plaintiff's Counterclaims.

11. The allegations in Paragraph 11 of Counter-Plaintiff's Counterclaims are legal conclusions requiring no response. In the event an answer is required, Counter-Defendant denies the allegations contained in Paragraph 11 of Counter-Plaintiff's Counterclaims.

WHEREFORE, Counter-Defendant respectfully requests that Counter-Plaintiff's request for attorneys' fees in his prayer for relief of Count I be stricken because attorneys' fees are not permitted on a defamation claim, that Count I of Counter-Plaintiff's Counterclaims be dismissed with prejudice, that Counter-Defendant be paid his costs and expenses, including reasonable attorneys' fees, and for such other relief as the court deems just and proper.

## COUNT II – FALSE LIGHT/INVASION OF PRIVACY

12. Counter-Defendant incorporates his answers to Paragraphs 1 through 11 of Counter-Plaintiff's Counterclaims as if fully set forth herein.

13. The allegations in Paragraph 13 of Counter-Plaintiff's Counterclaims are legal conclusions requiring no response. In the event an answer is required, Counter-Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 13 of Counter-Plaintiff's Counterclaims and therefore denies the same.

14. The allegations in Paragraph 14 of Counter-Plaintiff's Counterclaims are legal conclusions requiring no response. In the event an answer is required, Counter-Defendant denies the allegations contained in Paragraph 14 of Counter-Plaintiff's Counterclaims.

15. The allegations in Paragraph 15 of Counter-Plaintiff's Counterclaims are legal conclusions requiring no response. In the event an answer is required, Counter-Defendant denies the allegations contained in Paragraph 15 of Counter-Plaintiff's Counterclaims.

WHEREFORE, Counter-Defendant respectfully requests that Counter-Plaintiff's request for attorneys' fees in his prayer for relief of Count II be stricken because attorneys' fees are not permitted on a false light/invasion of privacy claim, that Count II of Counter-Plaintiff's Counterclaims be dismissed with prejudice, that Counter-Defendant be paid his costs and expenses, including reasonable attorneys' fees, and for such other relief as the court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. Further answering and as an affirmative defense, Counter-Defendant states that Counter-Plaintiff has failed to state claims upon which relief can be granted.

2. Further answering and as an affirmative defense, Counter-Plaintiff cannot establish a causal connection between any damages as alleged and any improper conduct on the part of Counter-Defendant.

3. Further answering and as an affirmative defense, Counter-Defendant states that the allegations contained in Counter-Plaintiff's counterclaims are barred by the statute of limitations.

4. Further answering and as an affirmative defense, Counter-Defendant states that the allegations contained in Counter-Plaintiff's counterclaims are barred by the doctrines of estoppel and laches.

5. Further answering and as an affirmative defense, Counter-Defendant states that the allegations contained in Counter-Plaintiff's counterclaims are barred by the doctrine of waiver.

6. Further answering and as an affirmative defense, Counter-Defendant states that Counter-Plaintiff's counterclaims are barred by the doctrine of unclean hands.

WHEREFORE, having fully answered Counter-Plaintiff's Counterclaims, Counter-Defendant, DANIEL R. LOZIER, II, prays that Counter-Plaintiff's requests for attorneys' fees in his prayer for relief in Count I and Count II of his Counterclaims be stricken, that the Counterclaims be dismissed with prejudice, that Counter-Defendant be paid his costs and expenses, including reasonable attorneys' fees, and for such other relief as the court deems just and proper.

**COUNTER-DEFENDANT DEMANDS TRIAL BY JURY.**

          Respectfully submitted,

          DANIEL R. LOZIER, II,
          Plaintiff/Counter-Defendant

          By: /s/ Patrick J. Sheehan, III
                 One of His Attorneys

Attorneys for Plaintiff/Counter-Defendant:
Patrick J. Sheehan, III | #6317916 | jr@sheehanlaw.net
William P. Sheehan | #6327880 | wps@sheehanlaw.net
SHEEHAN & SHEEHAN, LAWYERS, P.C.
1215 South 4th Street
Springfield, IL 62703
(217) 544-0701

Donald M. Craven | #6180492 | don@cravenlawoffice.com
DONALD M. CRAVEN, P.C.
1005 North 7th Street
Springfield, IL 62702
(217) 544-1777

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2019, I filed an **ANSWER TO COUNTERCLAIMS** with the Clerk of the Court using the electronic filing system (CM/ECF) which will send notification of such filing to the following:

Denise Baker-Seal, #6255589
BROWN & JAMES, P.C.
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois 62220-1547
Ph: 618-235-5590
Fax: 618-235-5591
Email: dseal@bjpc.com ; dowens@bjpc.com
*Attorney for Defendant Quincy University Corporation*

Lance T. Jones, #6188153
HeplerBroom, LLC
4340 Acer Grove Drive
Springfield, IL 62711
Telephone: (217) 528-3674
Facsimile: (217) 528-3964
ltj@heplerbroom.com
*Attorney for Counter-Plaintiff Holzgrafe*

Donald M. Craven
DONALD M. CRAVEN, P.C.
1005 N. Seventh St.
Springfield, IL 62702
dmcraven@aol.com
*Attorney for Plaintiff/Counter-Defendant*

John E. Cassidy, III
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main St.
Peoria, IL 61602
jcassidy@cassidymueller.com
*Attorney for Defendant Holzgrafe*

/s/ Patrick J. Sheehan, III