# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> QUINCY UNIVERSITY ) <br> CORPORATION, and ) <br> BRIAN HOLZGRAFE, ) <br> ) <br> Defendants. ) <br> ) <br> BRIAN HOLZGRAFE, ) <br> ) <br> Counter Plaintiff ) <br> ) <br> v. ) <br> ) <br> DANIEL R. LOZIER, II ) <br> ) <br> Counter Defendant ) <br> ) | Case No. 18-cv-3077 |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on third party Cynthia Lozier a/k/a Cindy Lozier's (Cindy Lozier) Motion to Intervene to Modify Protective Order (d/e 61) (Motion). Cindy Lozier is Daniel Lozier's mother. For the reasons set forth below, the Motion is ALLOWED.

BACKGROUND

Plaintiff Daniel Lozier alleges claims against Defendants Quincy University Corporation (Quincy University) and Brian Holzgrafe under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.  Daniel Lozier alleges that he was a freshman at Quincy University and a scholarship athlete on the Quincy University tennis team.  Holzgrafe was the coach. He alleges that persons other that Plaintiff made allegations that Holzgrafe had inappropriate sexual relations with a woman student on the women's tennis team.  Quincy University conducted an investigation and investigators interviewed Daniel Lozier during the course of the investigation. Daniel Lozier told the investigators what he knew. Thereafter, Holzgrafe verbally attacked Daniel Lozier for cooperating with the investigation and kicked Daniel Lozier off the tennis team.  Daniel Lozier alleges that he was ultimately kicked off campus in retaliation for his cooperation with Quincy University's sexual harassment investigation.

Daniel Lozier alleges claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, for retaliation and a hostile educational environment and state law claims for intentional infliction of emotional distress; negligent infliction of emotional distress; breach of contract; estoppel and detrimental reliance; defamation; invasion of privacy

claims of public disclosure of private facts, false light, and intrusion upon seclusion; negligent supervision; and negligent retention. See Complaint (d/e 1). The District Court dismissed the claims against Quincy University and Holzgrafe for negligent infliction of emotional distress and invasion of privacy by intrusion upon seclusion. See Opinion entered January 31, 2020 (d/e 31), at 39-40.[1]

On April 10, 2020, this Court entered the parties' Stipulated Protective Order (d/e 38) (Protective Order). The Protective Order limited the disclosure of confidential materials produced in discovery. Discovery materials designated as "Confidential" by one party (Confidential Information) may only be disclosed to certain persons and only for certain purposes related to this matter, as authorized under the Protective Order.

On May 3, 2020, Holzgrafe sought leave of Court to file a counterclaim (Counterclaim) against Daniel Lozier and a third-party complaint against Cindy Lozier for defamation and false light invasion of privacy. Defendant Brian Holzgrafe's Motion for Leave to File Counterclaims against Plaintiff and to File Third-Party Complaint Against Cindy Lozier (d/e 45). Holzgrafe alleges that Daniel Lozier intentionally

---

[1] The District Court also dismissed all claims against other named individual defendants. Opinion entered July 31, 2020 (d/e 31), at 39.

made false statements that Holzgrafe had a history of sexual misconduct with women tennis players, had sexual relations with a woman student on the Quincy University woman's tennis team, and made inappropriate advances to another woman player who left the program because of Holzgrafe's conduct. Daniel Lozier allegedly made these false statements to several people including his mother Cindy Lozier. Holzgrafe alleges that Cindy Lozier intentionally repeated those false statements to parents of Quincy University student tennis players and other tennis players, and Cindy Lozier stated to those individuals that Holzgrafe would be out as Head Tennis Coach within two weeks. <u>Defendant Brian Holzgrafe's Motion for Leave to File Counterclaims Against Plaintiff and to File Third-Party Complaint Against Cindy Lozier (d/e 45) (Motion for Leave)</u>, Exhibit A, <u>Proposed Counterclaim</u>, and Exhibit B, <u>Proposed Third-Party Complaint</u>. The District Court allowed Holzgrafe's motion to file the Counterclaim but denied the request to file a third-party complaint against Cindy Lozier. The Court determined that Holzgrafe's claims against Cindy Lozier were not proper third-party claims allowed under Federal Rule of Civil Procedure 14. <u>Opinion entered June 27, 2020 (d/e 52) (Opinion 52)</u>, at 10-12.

On November 3, 2020, Holzgrafe filed an action in Adams County, Illinois, Circuit Court against Cindy Lozier for defamation and false light

invasion of privacy. <u>Defendant/Counter-Plaintiff Brian Holzgrafe's Response in Opposition to Cindy Lozier's Motion to Intervene to Modify Protective Order (d/e 62) (Response)</u>, Exhibit A, <u>Docket Sheet for Holzgrafe v. Lozier, Adams Co. Cir. Ct. Case No. 2020 L 59 (State Court Action)</u>.[2] The State Court Action complaint alleged the same claims against Cindy Lozier that Holzgrafe alleged in his proposed third-party complaint against Cindy Lozier. <u>See</u> <u>Motion for Leave</u>, Exhibit B, <u>Proposed Third Party Complaint</u>; <u>Motion</u>, attached <u>State Court Action Complaint</u>.

On November 23, 2020, Daniel Lozier's counsel in this action informed Holzgrafe's counsel that Cindy Lozier retained counsel for the State Court Action. Daniel Lozier's counsel inquired whether there was any objection to providing Cindy Lozier's counsel with a copy of the discovery materials in this case. On December 15, 2020, Holzgrafe's counsel asked Cindy Lozier's counsel whether Cindy Lozier would execute a waiver of service in the State Court Action. Cindy Lozier refused to waive service. Because Cindy Lozier refused to waive service, Holzgrafe objected to providing discovery materials subject to the Protective Order to Cindy Lozier or her attorney. <u>Motion</u>, Exhibit B, <u>Email dated December 15, 2020</u>.

---

[2] The District Court commented in Opinion 52 that Holzgrafe could have sought to join Cindy Lozier as a co-defendant in the Counterclaim if Holzgrafe could have established that joinder was appropriate. <u>Opinion 52</u>, at 11-12 (citing Fed. R. Civ. P. 13(h), 19, and 20). Holzgrafe decided to file the State Court Action rather than seek to join Cindy Lozier as a defendant in the Counterclaim.

On or about January 20, 2021, Holzgrafe served Cindy Lozier in Florida in the State Court Action.  Response, at 4.  Holzgrafe incurred $195 in costs to serve Cindy Lozier.  Holzgrafe offered to agree to grant Cindy Lozier access to discovery materials in this case if Cindy Lozier reimbursed Holzgrafe the $195 in service costs.  Cindy Lozier refused and filed this Motion.  See Motion, at 1-3, and Exhibit B, Emails dated February 11, 2021; Response, at 3-5, and Exhibit D, Emails Between Counsel for Holzgrafe and Cindy Lozier.

Cindy Lozier also has asked for an extension of time in the State Court Action to respond to the complaint in that action so that she can review the discovery materials in this case before filing her response.  Cindy Lozier indicated that she planned to raise jurisdictional defenses and other defenses to the State Court Action.  Response, Exhibit B, State Court Action Motion for Extension of Time to File an Answer or Other Responsive Pleading (Motion for Extension of Time).

## ANALYSIS

This Court may permit a party to intervene who has a claim or defense that shares with this case a common question of law or fact.  Fed. R. Civ. P. 24(b)(1)(B).  Whether to allow permissive intervention is within the Court's discretion.  Planned Parenthood of Wisconsin, Inc. v. Kaul, 942

F.3d 793, 803 (7th Cir. 2019).  This Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.  Fed. R. Civ. P. 24(b)(3).  The Rule "otherwise does not cabin the district court's discretion." Kaul, 942 F.3d at 803.  The scope of the Court's discretion to allow permissive joinder is broad enough to allow intervention to seek modification of a protective order See Bond v. Utreras, 585 F.3d 1061, 1070 (7th Cir. 2009).[3]

    Holzgrafe's claims against Cindy Lozier and Daniel Lozier share common questions of law and fact.  Both claims are based on Illinois law of defamation and invasion of privacy.  Both claims concern what Daniel Lozier allegedly stated about Holzgrafe and what Cindy Lozier repeated.  Cindy Lozier's repetition of Daniel Lozier's statements forms the basis of Holzgrafe's claim in the State Court Action and is part of the damages in the Counterclaim.

    Allowing the intervention should not unduly delay or prejudice the original parties' rights.  Cindy Lozier only seeks copies of discovery.  She will not file claims or assert defenses in this action.  The parties, other than Holzgrafe, did not object to providing her with discovery.  Holzgrafe only

---

[3] Cindy Lozier relies on Wilks v. American Medical Ass'n, 635 F.2d 1295, 1299 (7th Cir. 1980), for determining whether to allow intervention to modify a protective order.  The Wilks decision, however, has been superseded by the 2000 amendments to Rule 5(d).  Fed. Civ. P. 5(d); Bond, 585 F.3d at 1068 n.4.

objected to providing discovery materials to Cindy Lozier because she would not waive service in the State Court Action and would not pay the $195.00 in service costs. Under Illinois law, defendants who decline to waive service are not required to reimburse plaintiffs for the costs of service. 735 ILCS 5/2-313; Ill. Sup. Ct. R. 101(f).[4] Should Holzgrafe prevail in the State Court Action, he may seek recovery of the $195.00 as part of his costs. See 735 ILCS 5/5-108. Furthermore, Cindy Lozier's possible liability for service fees is an issue for the State Court Action. Her refusal to pay those fees will not prejudice or delay adjudication of the original parties' rights in this case.

Holzgrafe now argues that Cindy Lozier's motion is premature because she has indicated that she intends to challenge the state court's jurisdiction over her in the State Court Action. Cindy Lozier indicated in her Motion for Extension of Time that she wanted to review the discovery materials from this case to respond to the State Court Action Complaint. Illinois allows defendants to file motions to dismiss based on matters outside the pleadings. 735 ILCS 5/2-619. Cindy Lozier's request, therefore, is timely to enable her to determine whether she may seek

---

[4] The Federal Rules require defendants who decline to waive service to reimburse plaintiffs for service costs. Fed. R. Civ. P. 4(d)(2). Illinois has no such requirement.

dismissal of the State Court Action under § 2-619 based on materials produced in discovery. The Court, therefore, will allow Cindy Lozier to intervene.

As a party, Cindy Lozier is allowed to receive all discovery materials in this case, including Confidential Information protected by the Protective Order. <u>Protective Order</u> ¶ 4.a. As a party to this action, Cindy Lozier is bound by the Protective Order. Cindy Lozier further agrees to be bound by the terms of the Protective Order. <u>Motion</u>, at 7.

THEREFORE, IT IS ORDERED that Intervenor Cynthia Lozier a/k/a Cindy Lozier's Motion to Intervene to Modify Protective Order is (d/e 61) is ALLOWED. Intervenor Cynthia Lozier a/k/a Cindy Lozier is allowed to intervene as a party to this action for the purposes of receiving copies of materials produced in discovery in this action. As a party, Intervenor Cynthia Lozier a/k/a Cindy Lozier is a person entitled to receive discovery materials including Confidential Information subject to the Protective Order. Intervenor Cynthia Lozier a/k/a Cindy Lozier is also subject the Protective Order as a party to this action.

ENTER: March 15, 2021

_s/ Tom Schanzle-Haskins_
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE
