IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 18-3077 |
| QUINCY UNIVERSITY CORPORATION and BRIAN HOLZGRAFE, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is a Joint Motion to Dismiss Certain Claims (d/e 68) submitted by Plaintiff Daniel R. Lozier, II ("Plaintiff") and Defendant Quincy University Corporation ("Quincy University"), a Motion to Dismiss Certain Claims (d/e 85) submitted by only Plaintiff Lozier, and a Motion for Credits and Setoffs (d/e 79) submitted by Defendant Brian Holzgrafe.  For the following reasons, Plaintiff's and the University's Joint Motion to Dismiss (d/e 68) and Plaintiff's Motion to Dismiss (d/e 85) are GRANTED, while Defendant's Motion (d/e 79) is DENIED.  Additionally, because the Court, in its discretion, retains supplemental jurisdiction of

Defendant Holzgrafe's counterclaims, Defendant Holzgrafe's Motion for Leave to Amend Counterclaims (d/e 89) is DENIED.

## I.   BACKGROUND

Plaintiff Lozier initiated this suit four years ago on April 10, 2018.  See Complaint (d/e 1).  The general basis for Plaintiff's suit stems from alleged retaliation and hostile conduct Plaintiff endured after participating in an investigation into alleged misconduct by Defendant Holzgrafe while Holzgrafe was employed as the men's tennis coach at Quincy University.  The Complaint contained twelve counts.  Some counts alleged violations of state law and others alleged violations of federal law.

On January 31, 2019, the Court entered an Opinion in which the Court granted in part and denied in part motions to dismiss filed by Defendants Quincy University, thereby dismissing some of Plaintiff's counts in the Complaint.  Specifically, the counts left remaining after the Opinion was issued were: Count I against Quincy University alleging unlawful retaliation in violation of Title IX of the Education Amendments Act of 1972 ("Title IX"), 20 U.S.C. § 1681; Count II against Quincy University alleging a hostile educational environment in violation of Title IX; Count III against

Quincy University and Holzgrafe alleging intentional infliction of emotional distress; Count V against Quincy University alleging a breach of contract; Count VI against Quincy University claiming estoppel and detrimental reliance; Count VIII against Quincy University and Holzgrafe alleging an unlawful public disclosure of a private fact; Count IX against Quincy University and Holzgrafe alleging the unlawful painting of Plaintiff in a false light; Count XI against Quincy University alleging negligent supervision; and Count XII against Quincy University alleging negligent retention. Op. (d/e 31) at pp. 39–40. Defendants Quincy University and Holzgrafe, then, each filed an answer to Plaintiff's original, albeit paired-back, Complaint. See (d/e 34 & 35).

On June 27, 2019, the Court allowed Defendant Holzgrafe to amend his answer so that he could file a counterclaim against Plaintiff. Holzgrafe did so on July 3, 2019, alleging two counts based in Illinois state law: defamation and false light. Holzgrafe asserted that the Court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and Federal Rule of Civil Procedure 13(a) because the counterclaims arose from the same transaction or occurrence which underlies Plaintiff's claims against Holzgrafe.

On February 21, 2022, Plaintiff Lozier and Quincy University filed jointly a Motion to Dismiss Certain Claims (d/e 68) pursuant to Federal Rule of Civil Procedure 41(a)(2) and a settlement agreement entered into by Lozier and Quincy University. Specifically, Lozier and Quincy University request that the following counts be dismissed with prejudice: Count I against Quincy University, Count II against Quincy University, Count III against Quincy University only, Count V against Quincy University, Count VI against Quincy University, Count VIII against Quincy University only, Count IX against Quincy University and Brian Holzgrafe, Count XI against Quincy University, and Count XII against Quincy University.

On March 9, 2022, Defendant Holzgrafe filed a Motion for Credits and Setoffs (d/e 79) in response to Lozier's and Quincy University's motion and in which Holzgrafe requests the Court order Plaintiff and Quincy to disclose the amount of the settlement agreement so that any future award against Holzgrafe may be discounted by the amount of the settlement agreement.

On March 23, 2022, Plaintiff filed another Motion to Dismiss Certain Claims (d/e 85). In this motion, also brought pursuant to

Federal Rule of Civil Procedure 41(a)(2), Plaintiff requests Counts III and VIII against Holzgrafe be dismissed without prejudice.

The combination of the requests by each of the parties as stated in their motions would result in no claims brought by Plaintiff against Defendants Quincy University and/or Holzgrafe remaining, leaving only Defendant Holzgrafe's state-law-based counterclaims. Noting this predicament, Defendant Holzgrafe then filed a Motion for Leave to Amend Counterclaims (d/e 89) in which Holzgrafe seeks to amend the counterclaims to adequately allege and invoke the Court's diversity jurisdiction over the state law claims under 28 U.S.C. 1332.

## II.   ANALYSIS

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." In this case, as stated above, Defendant Holzgrafe has pleaded two state-law-based counterclaims against

Plaintiff: defamation and false light.  Therefore, the Court will only grant the Motion's to Dismiss (d/e 68 & 85) if those counterclaims can remain pending.

Holzgrafe's counterclaims can remain pending for independent adjudication without Plaintiff's claims against Quincy University and Holzgrafe.  Generally, federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  However, federal courts may exercise jurisdiction over state law claims under supplemental jurisdiction, as governed by 28 U.S.C. § 1367.  Section 1367 states "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  That language "permits district courts to maintain supplemental jurisdiction over counterclaims, whether compulsory or permissive, so long as the counterclaims 'are so related to' the original claims that they form the same case or controversy." Rotham v. Emory Univ., 123 F.3d 446, 454 (7th Cir. 1997); Sellars v. City of Gary, 453 F.3d 848, 852 (7th Cir. 2006).

This continued exercise of supplemental jurisdiction over state law claims in cases where the federal questions have been adjudicated is discretionary and should be exercised after weighing "the factors of judicial economy, convenience, fairness and comity in deciding whether to exercise jurisdiction over pendent state-law claims." Sellars, 453 F.3d at 852 (quoting Wright v. Assoc. Ins. Cos., Inc., 29 F.3d 1244, 1251 (7th Cir. 1994)).

Here, the factors weigh in favor of continued jurisdiction of Holzgrafe's state law counterclaims. Extensive discovery has already taken place in this four-year-old lawsuit. Requiring the parties to begin this suit anew in a different court would not be in the interest of judicial economy and would be unfair. The convenience of adjudicating counterclaims this Court is already familiar with and the complexity of which this Court has already grasped also weighs in favor of maintaining jurisdiction over Holzgrafe's state law counterclaims. Finally, Holzgrafe's counterclaims of defamation and false light do not involve "any difficult issues of state law," Wright, 29 F.3d at 1252, as this Court is well-aware of the elements required to prove such claims in Illinois, so comity also weighs in favor of retaining jurisdiction. See

Stapleton v. Mathew, Case No. 3:19-cv-03095, 2019 WL 3719396, at *3 (C.D. Ill. Aug. 7, 2019, Myerscough, Judge) (dismissing defamation claims brought under Illinois state law).  Therefore, the Court, in its discretion, finds that each of Defendant Holzgrafe's state law counterclaims can remain pending under the Court's supplemental jurisdiction.  Because the Court retains jurisdiction over Defendant Holzgrafe's counterclaims, the Court finds that dismissal of Plaintiff's remaining claims in Counts I, II, III, V, VI, VIII, IX, XI, and XII of the Complaint as requested in Plaintiff's Motions (d/e 68 & 85) is appropriate.  Furthermore, and for the same reasons the Court retains supplemental jurisdiction over Defendant Holzgrafe's counterclaims, the Court dismisses Counts I, II, III, V, VI, VIII, IX, XI, and XII with prejudice.

### III.   CONCLUSION

Defendant Holzgrafe's two state law counterclaims remain pending before the Court under the supplemental jurisdiction conferred by 28 U.S.C. § 1367.  Therefore, each of Plaintiff's claims against Quincy University and Holzgrafe are dismissed as requested in Plaintiff's and Quincy University's Motion (d/e 68) and Plaintiff's Motion (d/e 85) under Federal Rule of Civil Procedure 41(a)(2).

Furthermore, because no claims remain against Defendant Holzgrafe, the Motion for Credits and Setoffs (d/e 79) is DENIED as MOOT.  Finally, because the Court retains supplemental jurisdiction over Defendant Holzgrafe's counterclaims, the Motion for Leave to Amend Counterclaims (d/e 89) is also DENIED as MOOT.

**IT IS SO ORDERED.**
**ENTERED: April 13, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**