E-FILED
Monday, 08 August, 2022  01:56:54 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **DANIEL R. LOZIER, II,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **QUINCY UNIVERSITY CORPORATION** ) | |
| **and BRIAN HOLZGRAFE,** ) | |
| ) | |
| **Defendants.** ) | **Case No. 18-3077** |
| _____ ) | |
| ) | |
| **BRIAN HOLZGRAFE,** ) | |
| ) | |
| **Counter-Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DANIEL R. LOZIER, II,** ) | |
| ) | |
| **Counter-Defendant.** ) | |

## <u>OPINION AND ORDER</u>

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff and Counter-Defendant Daniel Lozier's ("Plaintiff") Motion to Dismiss Defendant and Counter-Plaintiff Brian Holzgrafe's ("Defendant") Counterclaims (d/e 69). Because each of Defendant's Counterclaims sufficiently state claims

upon which relief may be granted, Plaintiff's Motion (d/e 69) is DENIED.

## I.     BACKGROUND

### a. Procedural History

Plaintiff Daniel Lozier initiated this suit against Defendant Brian Holzgrafe and others four years ago on April 10, 2018.  See Complaint (d/e 1).  The Complaint contained twelve Counts, some of which alleged violations of federal law while others alleged violations of state law.  Defendant Holzgrafe filed an Answer on March 8, 2019 (d/e 34).

On June 27, 2019, the Court allowed Defendant Holzgrafe to amend his answer so that he could file a Counterclaim against Plaintiff.  Holzgrafe did so on July 3, 2019, alleging two Counterclaims based in Illinois state law: defamation and false light invasion of privacy.  The Court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and Federal Rule of Civil Procedure 13(a) because the Counterclaims arose from the same transaction or occurrence which formed the basis of Plaintiff's original claims against Holzgrafe.

All Plaintiff's claims were eventually dismissed, however, through multiple orders on motions to dismiss.  <u>See</u> Text Order 07/24/2018; (d/e 31 & 94).  The result is that the only claims remaining in this case are Defendant Holzgrafe's Counterclaims against Plaintiff over which the Court has retained, in its discretion, supplemental jurisdiction.  (d/e 94).  Now before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaims (d/e 69).

**b. Facts**

Plaintiff has filed his Motion pursuant to Federal Rule of Civil Procedure 12(c).  Mot. (d/e 69).  "A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  <u>Adams v. City of Indianapolis</u>, 742 F.3d 720, 727–28 (7th Cir. 2014).  Accordingly, the Court takes the following facts from Defendant's Counterclaims (d/e 53), accepting all well-pleaded allegations as true and construing all reasonable inferences in Defendant's favor.  <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008).

Defendant Holzgrafe was the Head Tennis Coach for the Men's and Women's Tennis Program at Quincy University at all times

relevant to the Counterclaims.  Countercl. (d/e 53) at ¶ 4.  Plaintiff
Lozier was a member of the Men's Team.  Id. ¶ 5.

Defendant claims that Plaintiff "knowingly and intentionally
made false allegations" about Defendant to Plaintiff's mother and at
least two other student-athletes at Quincy in early April 2017.  Id. ¶
7.  The substance of the allegedly false allegations was that
Defendant had a history of sexual misconduct with members of the
Women's Tennis Team, including having had sex with a female
tennis player and causing another to leave the team because of
inappropriate advances made by Defendant to that student-athlete.
Id.

Shortly after Plaintiff made these statements, Plaintiff's mother
repeated these allegations to one or more parents of other student-
athletes and to the student athletes themselves.  Id. ¶ 8.  Plaintiff's
mother also stated that Defendant "would be out as Head Tennis
Coach within two weeks."  Id.

Defendant claims that these statements "were made for the
purpose of damaging [Defendant's] character, reputation, and
career, and to have him removed as Head Tennis Coach."  Id. ¶ 9.
The statements also resulted in Defendant suffering "emotional

distress, humiliation, and damage to his character and reputation."
<u>Id.</u> ¶ 10.  Defendant also claims that such statements "placed
[Defendant] in a false light in the public and his profession as an
adulterer and a predator of young women" which "would be highly
offensive to a reasonable person."  <u>Id.</u> ¶ 13–14.  Plaintiff Lozier now
moves to dismiss Defendant's Counterclaims under Federal Rule of
Civil Procedure 12(c).

## II.   LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure states that "a
party may move for judgment on the pleadings" after the pleadings
have been filed but "early enough not to delay trial."  Fed. R. Civ. P.
12(c).  And as previously stated, a motion under Rule 12(c) is
analyzed under the same standard as a motion under Rule 12(b)(6).
That is, the Court asks "whether the pleadings state a claim for
relief that is plausible on its face."  <u>Andy Mohr Truck Ctr., Inc. v.
Volvo Trucks N. Am.</u>, 869 F.3d 598, 609 (7th Cir. 2017).  The Court
considers only the pleadings—in this case, Defendant's
Counterclaims, Plaintiff's Answer, and any written instruments
attached as exhibits.  <u>N. Ind. Gun & Outdoor Shows, Inc. v. City of
S. Bend</u>, 163 F.3d 449, 452 (7th Cir. 1998).  From these

documents, the Court accepts the facts as true and accepts all reasonable inferences in favor of the nonmovant, only rejecting those facts couched as legal conclusions.  Wagner v. Teva Pharm. USA, Inc., 840 F.3d 355, 358 (7th Cir. 2016).

### III.  ANALYSIS

Plaintiff has moved to dismiss each of Defendant's two Counterclaims.  Those Counterclaims allege that the above-recited facts amounted to two violations of Illinois state law, namely, defamation and false light invasion of privacy.

### a. Defendant's defamation Counterclaim is sufficiently pled.

Defendant's first Counterclaim is for defamation.  "[T]he Seventh Circuit has made clear that when a [party] files a claim in federal court asserting defamation per se under Illinois law, such a claim is governed by the federal notice pleading rule, not the Illinois pleading rule."  Marshall v. Vill. of Island Lake, Ill., 2019 WL 3801863, at *6 (N.D. Ill. Aug. 13, 2019) (citing Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 926 (7th Cir. 2003)). That means that Defendant need only provide "a short and plain statement of the claim showing that [Defendant] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Relevant here, Defendant's Counterclaim

must provide fair notice as to the three elements of defamation: (1) Plaintiff made a false statement about Defendant; (2) Plaintiff made an unprivileged publication of that statement to a third party; and (3) the publication caused damages. Bianchi v. McQueen, 58 N.E.3d 680, 701 (Ill. App. Ct. 2016) (citing Solaia Tech., LLC v. Specialty Publ'g Co., 852 N.E.2d 825, 839 (Ill. 2006)).

Defendant's Counterclaim does so. Defendant alleges (1) that Plaintiff made false statements alleging sexual misconduct by Defendant (2) to Plaintiff's mother and two other student athletes that (3) caused Defendant emotional distress, humiliation, and damage to his reputation. And while Plaintiff argues that Defendant's defamation claim must be dismissed for failing to state precisely what Plaintiff said to each individual, such specificity is not required on the pleadings. See Emery v. Ne. Ill. Reg'l Commuter R.R. Corp., 2003 WL 22176077, at *8 (N.D. Ill. Sept. 18, 2003) (noting that defamation plaintiffs are not required to specifically allege "the time, place, content, speaker, and listener of the alleged defamatory matter" in the pleadings.) The facts alleged in Defendant's Counterclaim are sufficient to state a claim on which relief may be granted.

**b. Defendant's false light invasion of privacy Counterclaim is also sufficiently pled.**

Plaintiff next challenges the sufficiency of Defendants false light Counterclaim.  To state a claim of false light in Illinois, the alleging party must establish "(1) that [the alleged tortfeasor] placed [the alleging party] in a false light before the public, (2) that the false light in which [the alleging party] was placed would be highly offensive to a reasonable person, and (3) that [the alleged tortfeasor] acted with actual malice." Poulos v. Lutheran Soc. Servs. of Ill., Inc., 312 Ill.App.3d 731, 739 (1st Dist. 2000) (Theis, J.) (citing Kolegas v. Heftel Broad. Corp., 154 Ill.2d 1, 17–18 (Ill. 1992)); see also Lovgren v. Citizens First National Bank, 126 Ill. 2d 411, 418 (Ill. 1989) (quoting Restatement (Second) of Torts § 652E (1977)). Plaintiff challenges the sufficiency of Defendant's Counterclaim as to the publicity and malice elements of Defendant's false light claim.

**i. Publicity**

Plaintiff first argues that, because the false light Counterclaim states that Plaintiff made the statements alleging Defendant committed sexual misconduct to "[Plaintiff's] mother, Cindy Lozier, and at least two student athletes, one male and one female," the

Counterclaim does not sufficiently allege the publicity element of false light.  Plaintiff's argument is, essentially, that Defendant's false light Counterclaim is insufficient because it does not allege the statements of misconduct were made to a broad enough audience to constitute placing Defendant in a false light "before the public." <u>Poulos</u>, 312 Ill.App.3d at 739.  The Court disagrees.

The publicity element of false light claims is generally governed by Comment a to § 625D of the Restatement (Second) of Torts. <u>Frobose v. Am. Sav. & Loan Ass'n of Danville</u>, 152 F.3d 602, 617–18 (7th Cir. 1998) (citing Restatement § 652D, comment a, at 384, and § 652E, comment a, at 394); <u>Silk v. City of Chicago</u>, No. 95 C 0143, 1997 WL 790598, at *19 (N.D. Ill. Dec. 17, 1997) (same); <u>Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 742 F.Supp. 1359, 1372 (N.D. Ill. 1990) (same).  Section 625D states "[p]ublicity . . . means that the matter is made public, by communicating it to the public at large, or to so many people that the matter must be regarded as substantially certain to become of public knowledge." Restatement (Second) of Torts § 652D, comment a (1977).

There is, however, an exception to the general rule.  The publicity element of false light claims may also be satisfied by

"establishing that false and highly offensive information was disclosed to a person or persons with whom [the alleged false light victim] has a special relationship." Poulos, 312 Ill.App.3d at 740 (Theis, J.). This general rule and the "special relationship" exception for false light claims have been adopted by Illinois' First and Second Appellate Districts in published opinions along with the Third Appellate District in an unpublished opinion. See Id.; Duncan v. Peterson, 359 Ill.App.3d 1034, 1049 (2d Dist. 2005); Konicki v. Rathbun, Appeal No. 3-17-0822, 2019 WL 4307866, at *3 (Ill. App. Ct. 3d Dist. 2019) (filed under Illinois Supreme Court Rule 23(e)(1)). No Illinois court has held differently. Accordingly, Defendant in the present case need only allege facts that show the alleged false information was publicized either "to the public at large, or to so many people that the matter must be regarded as substantially certain to become of public knowledge," or "to a person or persons with whom [Defendant] has a special relationship." Poulos, 312 Ill.App.3d at 739–40.[1]

---

[1] Illinois courts adopted this "special relationship" exception to the tort of false light invasion of privacy from other privacy-centered torts, namely, public disclosure of private facts. See Poulos, 312 Ill.App.3d at 739. However, while Illinois courts have held that the "special relationship" exception does not apply in cases claiming the public disclosure of private facts where a party has a "natural and proper interest" in learning the disclosed information, Illinois courts have stated that limitation does not apply in false light cases. Id. at n.1.

Defendant has done so here.  Defendant's Counterclaim alleges that Plaintiff "knowingly and intentionally made false allegations . . . to [Plaintiff's] mother . . . and at least two other student athletes" that Defendant had sex with one female tennis player, made inappropriate advances towards another, and had a history of sexual misconduct with female tennis players.  Countercl. ¶ 7.  Defendant further alleges that Plaintiff's actions placed Defendant "in a false light in the public and his profession as an adulterer and a predator of young women under his charge [as] Head Tennis Coach at Quincy University."  Id. ¶ 13.  These statements sufficiently allege that Plaintiff's statements were substantially certain to become public knowledge by way of rumors within the tennis team or, more broadly, Quincy University as a whole.  The allegations also sufficiently allege that the statements were disclosed to persons with whom Defendant had a special relationship, i.e., women under Defendant's charge as Head Tennis Coach.  That is all that is required at this stage.

## ii.  Actual malice

Plaintiff also argues that Defendant's false light Counterclaim fails at the pleading stage because, in Plaintiff's view, Defendant

has inadequately pled the actual malice element of false light.  A false light plaintiff must allege that the alleged tortfeasor "acted with actual malice." <u>Poulos</u>, 312 Ill.App.3d at 739 (citing <u>Kolegas</u>, 154 Ill.2d at 17–18).  In other words, the party alleging false light must sufficiently state in his pleading that the alleged tortfeasor made "false statements with knowledge of their falsity or in reckless disregard for their truth or falsity." <u>Kolegas</u>, 154 Ill.2d at 211. "States of mind," such as malice in false light cases, "may be pleaded generally, but [an alleging party] must point to details sufficient to render a claim possible." <u>Pippen v. NBCUniversal Media, LLC</u>, 734 F.3d 610, 614 (7th Cir. 2013).

Defendant's Counterclaim alleges that Plaintiff "knowingly and intentionally made false allegations against [Defendant]" and that Plaintiff "acted with malice" when making the alleged false allegations.  Countercl. ¶ 7 & 15.  When read alone, these allegations would amount to mere legal conclusions insufficient to state a claim.  However, the Counterclaim also alleges that Plaintiff made the sexual misconduct allegations, which Plaintiff does not contest would be highly offensive to a reasonable person "for the purpose of damaging [Defendant's] character, reputation, and

career and to have [Defendant] removed as Head Tennis Coach." <u>Id.</u> ¶ 9.  When read together, the allegations within Defendant's Counterclaim are sufficient to render the malice element of Defendant's false light Counterclaim possible.  Defendant's Counterclaim sufficiently states a claim of false light invasion of privacy.

## IV.   CONCLUSION

When accepting the allegations of Defendant's Counterclaims as true and drawing all reasonable inferences in favor of Defendant as the nonmoving party, the Court finds that each of Defendant's defamation and false light invasion of privacy Counterclaims state claims on which relief may be granted.  Plaintiff's Motion to Dismiss (d/e 69) is, therefore, denied.

**IT IS SO ORDERED.**
**ENTERED: August 5, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**