IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-3077 |
| BRIAN HOLZGRAFE, | ) ) ) |
| Defendant. | ) ) |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff Daniel Lozier's Motion for Summary Judgment on Defendant Brian Holzgrafe's Counterclaims (d/e 74). Plaintiff has not carried his burden to show the absence of issues of material fact and his entitlement to judgment as a matter of law. Plaintiff's Motion (d/e 74) is, therefore, DENIED.

### I.  BACKGROUND

The Court draws the following facts from the parties' statements of material facts in the Motion for Summary Judgment (d/e 74), Defendant's Response thereto (d/e 82), Plaintiff's Reply (d/e 92), Plaintiff's Supplemental Statement of Facts (d/e 99) and Defendant's Response (d/e 103). The Court discusses material

factual disputes in its analysis. Any fact submitted by any party that was not supported by a citation to evidence will not be considered by the Court. See Civ. LR 7.1(D)(2)(b)(2). Any response to an allegedly disputed fact unsupported by evidentiary documentation is deemed admitted. Id.

In April 2017, rumors began circulating within the community of the Quincy University ("QU") Men's and Women's Tennis Teams. On April 10, 2017, QU Safety and Security Director Sam Lathrop learned that a parent of a team member had alleged that Defendant Holzgrafe, who was Head Tennis Coach at the time, was having a sexual relationship with a freshman female tennis player, M.K. Def.'s Resp. (d/e 84) Ex. 2 at p. 2. Another rumor circulating in that community was that an older female tennis player had left the team because of inappropriate advances made toward her by Defendant Holzgrafe. Id.

A parent submitted a complaint to QU Dean of Students Christine Tracy regarding the rumors. Id. Upon receipt of the complaint, Director Lanthrop began investigating the rumors. See generally id. Director Lanthrop interviewed twelve students including Plaintiff Daniel Lozier. Id. at p. 5. Director Lanthrop

ultimately ended the investigation after finding that there was no corroborating evidence to support either the allegation that Holzgrafe had sex with a student or that Holzgrafe made inappropriate advances toward another student. Id. at pp. 10–11. Neither party presents undisputable statements of fact regarding what happened next. According to the Counterclaims, though, the rumors continued to spread among the QU community and Holzgrafe allegedly suffered emotional distress, humiliation, and damage to his character as a result of the rumors. See Countercl. (d/e 53) p. 3–7.

Plaintiff Lozier then filed suit against QU, various QU officials, and Defendant Holzgrafe on April 10, 2018 alleging prohibited retaliation under Title IX of the Education Amendments of 1972 and various state torts, including defamation, false light, intrusion upon seclusion, public disclosure of private facts, and negligent and intentional infliction of emotional distress. Id. Each of Plaintiff's claims were eventually dismissed, but Defendant Holzgrafe's two Counterclaims remained: defamation and false light against Plaintiff Lozier. See generally Op. & Order (d/e 96) (recounting procedural

history). Plaintiff now moves for summary judgment on each of Defendant's Counterclaims.

## II. LEGAL STANDARD

When moving for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the burden of showing, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) & (c); Hummel v. St. Joseph Cty Bd. of Comm'rs, 817 F.3d 1010, 1015–16 (7th Cir. 2016). "The moving party has the burden of either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." Id. But even where there is no dispute as to the basic facts of a case, summary judgment will not be appropriate "if the parties disagree on the inferences which may reasonably be drawn from those undisputed facts." Cent. Nat. Life Ins. Co. v. Fidelity & Deposit Co. of Md., 626 F.2d 537, 539–40 (7th Cir. 1980). The facts and all reasonable inferences derived therefrom are viewed in the

light most favorable to the non-moving party. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008).

### III. ANALYSIS

Plaintiff has not carried his burden on summary judgment as to either the defamation or the false light Counterclaim. To prove a claim of defamation under Illinois law, an alleging party must show (1) the alleged tortfeasor made a false statement about the alleging party, (2) the alleged tortfeasor made an unprivileged publication of the statement to a third party, and (3) the publication caused the alleging party damages. Dobias v. Oak Park & River Forest High Sch. Dist. 200, 57 N.E.3d 551, 562 (Ill. App. Ct. 2016).

Plaintiff argues that Defendant's defamation Counterclaim fails because Defendant testified at his deposition that Defendant had no personal knowledge of Plaintiff making any of the alleged defamatory statements. Pl.'s Mot. (d/e 71) pp. 3–5. Plaintiff also points to Defendant's testimony in which Defendant stated the only time Defendant was aware of any statement being made by Plaintiff regarding Defendant's alleged sexual history was in the QU Title IX report made after Director Lanthrop's investigation. Id. p. 5. This, Plaintiff argues, is "proof that the only instance in which

[Defendant] believes [Plaintiff] made" any defamatory statement "was in an absolutely privileged setting." Id.

Plaintiff's argument and alleged statement of facts are not sufficient to carry his burden at this stage. The multiple statements Plaintiff asserts as fact are disputed by Defendant. For example, one fact in Plaintiff's Supplemental Statement of Facts reads "[Plaintiff] never alleged to his mother that another female student tennis player left the program because of inappropriate advances made by [Defendant]." (d/e 99) p. 2. That statement, and each of the others like it, is disputed by Defendant, who points to both the Investigation Report and affidavits from other QU Tennis Team members indicating Plaintiff did make statements like those alleged by Defendant. Def.'s Resp. (d/e 103) pp. 2–5. Moreover, Defendant's admission to not personally knowing about other instances in which Plaintiff made defamatory statements does not place Plaintiff's assertion that Plaintiff never made the statements beyond dispute. Each of the facts Plaintiff asserts as undisputed are, in actuality, disputed. They also raise questions the answers to which could lead a reasonable jury to find in Defendant's favor.

The same is true for Defendant's false light claim.  To prove a claim of false light invasion of privacy, an alleging party must prove (1) the alleged tortfeasor placed the alleging party in a false light before the public, (2) the false light in which the alleging party was placed would be highly offensive to a reasonable person, and (3) the alleged tortfeasor acted with actual malice.  <u>Poulos v. Lutheran Soc. Servs. of Ill., Inc.</u>, 312 Ill.App.3d 731, 739 (1st Dist. 2000) (Theis, J.).  Plaintiff's challenge to Defendant's false light claim is identical to the challenge Plaintiff advanced in Plaintiff's previously denied Motion to Dismiss (d/e 69).  Plaintiff argues that Defendant's false light claim fails because Defendant cannot prove Plaintiff made the allegation of sexual misconduct to the public at large, and so cannot prove the publicity element of the claim.

However, as stated in the Court's previous Order, Defendant may satisfy the publicity element of false light by proving Plaintiff publicized the false information "to a person or persons with whom [Defendant] has a special relationship."  (d/e 96) (quoting <u>Poulos</u>, 312 Ill.App.3d at 739–40).  Plaintiff's argument, then, hinges on the issue of fact regarding what statements Plaintiff made and to whom.  But as stated above, questions of fact abound on that issue, and

each of Plaintiff's asserted undisputed facts are disputed by Defendant with adequate citation to the record. Based on the evidence Defendant has put forward, a reasonable jury could find that Plaintiff made statements alleging sexual misconduct to persons with whom Defendant had a special relationship, i.e., students on the Tennis Team and their parents. See Order (d/e 96) p. 11.

Plaintiff also argues that Defendant cannot prove the malice element of the false light claim. Actual malice, as it is used in the false light context, is "defined in the familiar way as knowledge of falsehood or reckless disregard for whether the statements were true or false." Pope v. Chronicle Publ'n Co., 95 F.3d 607, 616 (7th Cir. 1996) (citing Kolegas v. Heftel Broad. Corp., 154 Ill.2d 1, 17–18 (1992)). Defendant, in response to Plaintiff's argument, points to Plaintiff's own testimony that Plaintiff told another student about allegations of sexual misconduct by Defendant, knew that such allegations were serious and could jeopardize a person's career, and did not dispute that Plaintiff knew the rumor was "unfounded." Def.'s Resp. (d/e 84) Ex. 7 pp. 281–83. Such testimony is sufficient to create an issue of fact from which a reasonable jury could find

that Plaintiff made the statements either knowing of the falsehood or with reckless disregard for the truth. On this issue and the publicity issue, summary judgment must be denied at this stage as to Defendant's false light claim.

## IV.   CONCLUSION

Plaintiff has not carried his burden to show an absence of issues of material fact as to either Defendant's defamation or false light claim. Instead, Defendant has shown genuine issues of fact based on the credibility of Defendant's, Plaintiff's, and others' testimony in depositions and affidavits. At summary judgment, the Court may not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003). Accordingly, Plaintiff's Motion for Summary Judgment (d/e 74) is denied.

**IT IS SO ORDERED.**
**ENTERED: September 26, 2022.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**