IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| QUINCY UNIVERSITY CORPORATION and BRIAN HOLZGRAFE, | ) |
| | ) |
| Defendants. | ) No. 3:18-cv-03077-SEM-TSH |
| | ) |
| BRIAN HOLZGRAFE, | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DANIEL R. LOZIER, II, | ) |
| | ) |
| Counter-Defendant. | ) |

**DEFENDANT/COUNTER-PLAINTIFF BRIAN HOLZGRAFE'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

NOW COMES Defendant/Counter-Plaintiff, BRIAN HOLZGRAFE, by and through his attorneys, HeplerBroom, LLC, moves for Partial Summary Judgment (the "Motion"), and for his Motion, states as follows:

## INTRODUCTION

Plaintiff/Counter-Defendant Daniel Lozier ("Lozier") filed the above captioned lawsuit bringing a number of claims against Quincy University ("QU") and Brian Holzgrafe ("Holzgrafe"). Holzgrafe filed a two-count counterclaim against Lozier alleging that Lozier defamed him (Count I) and put him in a false light (Count II). *See* Dkt. #53, Counterclaims. All of Lozier's claims have been dismissed and only Holzgrafe's counterclaims remain. *See* Dkt. #94, p. 8. Holzgrafe moves for summary judgment on the single issue of liability for defamation *per se* under Count I of his Counterclaims. *Id.* The issues as to whether Lozier made similar statements related to another QU female tennis player, or tennis players at other schools remain in dispute. The issues of damages under Count I and liability and damages under Count II are contested issues of material facts and not subject to this Motion.

Lozier defamed Brian Holzgrafe when he published the false statement that Holzgrafe had sex with Jane Doe, a female QU tennis player. He published this statement to his mother and to Abby Moore, another female QU tennis player. His statements constitute defamation *per se*. Based upon the undisputed material facts, Lozier is liable for defamation *per se* and summary judgment on the issue of liability as to Count I of the Counterclaim is proper.

## UNDISPUTED MATERIAL FACTS

1. At all relevant times including the 2016-2017 academic year, Holzgrafe was the Men's and Women's Head Tennis Coach at QU. *See* Dkt. #53, Counterclaims, ¶4; *see also* Dkt. #54, Ans. to Counterclaim, ¶4.

2. During the 2016-2017 academic year, Lozier was a member of the Men's Tennis Program at QU. *See* Dkt. #1, Complaint, ¶¶5, 22; *see also* Dkt. #34, Holzgrafe Ans. to Comp., ¶¶5, 22.

3. In 2007, Holzgrafe and his wife, Rebecca, were married. Ex. 1, R. Holzgrafe Dep., p. 6:13-14.

4. Holzgrafe is still married to Rebecca Holzgrafe. Ex. 2, 12/7/22 Ans. to Rogs., #2.

5. Lozier knew that Holzgrafe was married. Ex. 3, D. Lozier Dep., p. 260:9-17.

6. Lozier told his mother, Cindy Lozier, that Holzgrafe had sex with Jane Doe, another QU student tennis player. Ex. 3, D. Lozier Dep., at pp. 149:22-150:1; 282:1-4 and 14-25; *see also* Ex. 4, C. Lozier Aff.; Ex. 5, C. Lozier Dep., pp. 26:11-14; 27:13-22.

7. Lozier told Abby Moore of the allegation that Holzgrafe had sex with Jane Doe. Ex. 3, D. Lozier Dep., pp. 149:16-21; 281:11-14; *see also* Ex. 6, A. Moore Aff.

8. Lozier knew that the allegation that Holzgrafe had sex with Jane Doe was a very serious allegation that could jeopardize somebody's career. Ex. 3, D. Lozier Dep., pp. 281:15-23; 283:1-4.

9. On April 10, 2017, Cindy Lozier called QU's Dean of Students and Academic Success, Dr. Christine Tracy, and informed her of the allegations that Holzgrafe was having sex with Jane Doe. Ex. 4, Aff. C. Lozier; *see also* Ex. 5, C. Lozier Dep., pp. 16:2-14; 27:13-22.

10. Cindy Lozier called Marty Bell, QU's Athletic Director, to inform him of the allegations that Holzgrafe had sex with Jane Doe. Ex. 5, C. Lozier Dep., pp. 16:22-24; 19:14-17; 27:13-22.

11. Sam Lathrop, QU's Director of Safety & Security ▮▮▮▮▮▮▮▮▮▮▮, received phone calls from Dr. Christine Tracey and Marty Bell regarding the allegation that Holzgrafe had sex with Jane Doe ▮▮▮▮▮▮▮▮▮▮▮. Ex. 7, S. Lathrop Dep., pp. 37:4-20; 38:12-39:15; 40:6-13; *see also* Ex. 8, ▮▮▮▮▮▮.

12. The statement about Jane Doe, made by Lozier, was false and Lozier had no evidence of the truth of this statement. Ex. 9, Holzgrafe Answers to Rogs. #10, #11, #17, and #19; Ex. 3, D. Lozier Dep., at pp. 259:5-260:20; 282:18-283:25; *see also* Ex. 7, Lathrop Dep., pp. 49:16-23; Ex. 8, ▮▮▮▮▮▮, p. 9.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure Rule 56(a) provides that a party may file a motion for summary judgment identifying each claim or defense – or the part of each claim or defense – on which the summary judgment is sought. Fed. R. of Civ. P. 56(a). Judgment shall be granted if the movant establishes that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id*. When considering a motion for summary judgment, the Court must consider the evidence in a light most favorable to the non-moving party. *Chaib v. Geo Grp. Inc.*, 819 F.3d 337, 341 (7th Cir. 2016*)*. Partial summary judgment should be rendered against Lozier on the issue of defamation *per se*, even considering the evidence in a light most favorable to him.

## ARGUMENT

### I.    **Lozier is Liable to Holzgrafe for Defamation** *per se.*

To establish his claim for defamation, Holzgrafe must establish that (1) Lozier made a false statement about Holzgrafe; (2) Lozier published that false statement to a third party; and (3) the published statement damaged his reputation. *Goldberg v. Brooks*, 409 Ill.App.3d 106, 110 (1st Dist. 2011). The "publication" element is satisfied if Holzgrafe establishes that Lozier communicated the false statement to anyone besides Holzgrafe. *Id.*; *see also Emery v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 377 Ill.App.3d 1013, 1022 (1st Dist. 2007); *Jones v. Britt Airways*, 622 F. Supp. 389, 391 (N.D. Ill. 1985.)

The law of defamation is well-settled:

> "A statement is considered defamatory if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him. Certain limited categories of defamatory statements are deemed actionable *per se* because they are so obviously and materially harmful to the plaintiff that injury to the plaintiff's reputation may be presumed."

*See Van Horne v. Muller*, 185 Ill.2d 299, 307 (Ill. 1998) citing to *Bryson v. News America Pub.*, 174 Ill.2d 77 (Ill. 1996) and *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 10 (Ill. 1992).

Illinois recognizes five categories of statements which are considered actionable *per se*, two pertinent in this case: (1) those stating a false accusation of fornication or adultery; and (2) those imputing an inability to perform or want of integrity in the discharge of duties of office or employment. *Van Horne,* at 307. In determining whether the statement is defamatory, we must "focus on the predictable effect the statement had on those who received the publication." *Dunlap v. Alcuin Montessory School,* 298 Ill.App.3d 329, 339 (1st Dist. 1998).

Holzgrafe has established his defamation *per se* claim. The evidence established that there is no genuine dispute that Lozier made the statement that Coach Holzgrafe had sex with Jane Doe, one of his female tennis players at QU. There is no genuine dispute that the statement was false. There is no genuine dispute that he published this statement to his mother and to Abby Moore. There is no genuine dispute that Coach Holzgrafe was married at the time or that Jane Doe was not his spouse. There is no genuine dispute that Coach Holzgrafe was the Head Men's and Women's tennis

programs at Quincy University. There is no genuine dispute that Lozier understood that such a statement could ruin a coach's coaching career. There is no genuine dispute that his statement to his mother, which she conveyed to QU officials ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Black's Law Dictionary defines adultery as: "voluntary sexual intercourse between of a married person with a person other than the offender's husband or wife." *Adultery*, Black's Law Dictionary (10th Ed. 2016). The statement made by Lozier accuses Holzgrafe with having sex with a person, Jane Doe, who is not his spouse, Rebecca Holzgrafe. Also, a coach that is having sex with one of his student players is conduct that demonstrates a lack of integrity and/or fitness in the discharge of coaching duties. Here, QU ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ based upon the statement made by Lozier to his mother who repeated it to QU officials. There is no genuine dispute that the false statement falls within two of the five categories that are so obviously and materially harmful that injury to Holzgrafe's reputation may be presumed.

Ergo, there is no genuine dispute that Holzgrafe has established all of the elements necessary to prove Lozier is liable for defamation: 1) Lozier made a false statement; 2) he published it to third parties; and 3) it is presumed that the false statement damaged Holzgrafe's reputation as it falls into two of the five recognized categories of defamation *per se*.

## CONCLUSION

As there is no genuine dispute as to the material facts that Lozier published a false statement accusing Holzgrafe of adultery and of a lack of integrity or fitness to be a coach, Lozier defamed Holzgrafe. Holzgrafe has established that Lozier is liable for defamation *per se*. Accordingly, summary judgment on the issue of liability for defamation per se shall be granted under Rule 56.

WHEREFORE, Defendant-Counter/Plaintiff Brian Holzgrafe respectfully prays that the Court enter an order finding that Plaintiff/Counter-Defendant Daniel Lozier is liable for defamation *per se* and granting Brian Holzgrafe's motion for partial summary judgment.

> Respectfully submitted,
> BRIAN HOLZGRAFE, *Defendant/Counter-Plaintiff*
>
> By: */s/ Lance T. Jones*
>   One of his Attorneys

Lance T. Jones, #6188153
HeplerBroom, LLC
4340 Acer Grove Drive
Springfield, IL 62711
T: (217) 528-3674
F: (217) 528-3964
ltj@heplerbroom.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to all counsel/parties of record below:

| | |
|---|---|
| Patrick J. Sheehan, III | Donald M Craven |
| William Patrick Sheehan | Joseph Craven |
| SHEEHAN & SHEEHAN LAWYERS, P.C. | CRAVEN LAW OFFICE |
| 1214 South 8th Street | 1005 N Seventh St |
| Springfield, IL 62703 | Springfield, IL 62702 |
| jr@sheehanlaw.net | dmcraven@aol.com |
| wps@sheehanlaw.net | jcraven@cravenlawoffice.com |
| *Attorney for Plaintiff/Counter-Defendant Daniel Lozier* | *Attorney for Plaintiff/Counter-Defendant Daniel Lozier* |

/s/ Lance T. Jones