## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN HOLZGRAFE,     ) | |
|       Counter-Plaintiff     ) | |
| )     | |
| vs.     ) | No.: 3:18-cv-03077-SEM-KLM |
| )     | |
| DANIEL R. LOZIER, II     ) | |
|       Counter-Defendant     ) | |

### RESPONSE TO HOLZGRAFE'S PARTIAL MOTION FOR SUMMARY JUDGMENT

NOW COMES, Counter-Defendant Daniel R. Lozier, II, ("Lozier") by and through counsel, and in response to Counter-Plaintiff Brian Holzgrafe's ("Holzgrafe") Partial Motion for Summary Judgment states as follows:

**A. Introduction**

While Holzgrafe's Motion solely seeks a ruling that Lozier published a certain defamatory per se statement to his mother, Cindy Lozier, and girlfriend, Abby Moore, Holzgrafe's Motion misstates what Lozier *exactly* said to his mother and girlfriend, contains several allegations that are immaterial to the one issue raised by the Motion; and contains several more allegations that are immaterial to the entire lawsuit. Nonetheless, while Lozier finds it necessary to respond to Holzgrafe's Motion for the sake of clarifying the above-referenced items, Lozier does not object to the sole prayer actually sought in Holzgrafe's Motion: a ruling that Lozier made statements to his mother and girlfriend that may be considered defamatory per se.

**B. Response to Holzgrafe's Undisputed Material Facts**

Holzgrafe's Motion lists twelve "Undisputed Material Facts." Of those twelve, Lozier believes those facts are either: Undisputed Material Facts, Disputed Material Facts, Disputed Immaterial Facts; or Undisputed Immaterial Facts. Specifically, Lozier's position on Holzgrafe's twelve asserted facts is as follows:

Undisputed Material Facts

1. At all relevant times including the 2016-2017 academic year, Holzgrafe was the Men's and Women's Head Tennis Coach at QU.

3. In 2007, Holzgrafe and his wife, Rebeca, were married.

4. Holzgrafe is still married to Rebecca Holzgrafe.

5. Lozier knew that Holzgrafe was married.

Disputed Material Facts

6. Lozier told his mother, Cindy Lozier, that Holzgrafe had sex with Jane Doe, another QU student tennis player.

    a. Lozier disputes this to the extent it inaccurately paraphrases the statement Lozier made to his mother. Testimony shows Lozier in fact stated, "Vayser just told me that Coach had sex with [Jane Doe] on spring break." Ex 1 - Cindy Lozier Depo 46:12-22.

7. Lozier told Abby Moore of the allegation that Holzgrafe had sex with Jane Doe.

    a. Lozier disputes this to the extent it inaccurately paraphrases the statement Lozier made to his girlfriend. Testimony shows Lozier in fact stated, "Danyil Vayser told me that Coach and [Jane Doe] had sex over spring break." Ex. 2 - Abby Moore Depo 9:25-10:1.

10. The statement about Jane Doe, made by Lozier, was false and Lozier had no evidence of the truth of this statement.

    b. Lozier disputes this assertion due to its vagueness. Assuming that "the statement about Jane Doe" refers to the two separate, alleged statements Lozier made to his mother and girlfriend, the testimony from both Cindy and Abby establishes what Lozier told them each was true. Specifically, Lozier told each of them that Danyil Vayser told him a rumor that Holzgrafe had sex with [Jane Doe] over spring break. Ex. 1 - Cindy Lozier Depo 46:12-22; Abby Moore Depo 9:25-10:1. While Lozier does not dispute that what Vayser told Lozier was false, Lozier truthfully stated that Vayser told him that rumor.

Disputed Immaterial Facts

2. During the 2016-2017 academic year, Lozier was a member of the Men's Tennis Program at QU.

a. While Lozier admits he was a member of the Men's Tennis Program at QU for part of the 2016-2017 academic year, Lozier was suspended by Holzgrafe during the season and was therefore not a member the entire academic year. Ex 3 - QU 139; Ex. 4 - Holzgrafe Depo 59:6-19. Nonetheless, this subject is immaterial to whether Lozier publicized a defamatory per se statement to his mother and girlfriend and also the lawsuit as a whole.

9. On April 10, 2017, Cindy Lozier called QU's Dean of Students and Academic Success, Dr. Christine Tracy, and informed her of the allegations that Holzgrafe was having sex with Jane Doe.

   a. While Lozier does not dispute that Cindy Lozier called Dr. Christine Tracy on April 10, 2017, Lozier disputes that Cindy Lozier stated "that Holzgrafe was having sex with Jane Doe." The cited testimony from Holzgrafe's Motion supports that Cindy relayed to Dr. Tracy that "Danyil Vayser had just told [Daniel Lozier] a rumor that [Holzgrafe] had sex with a female tennis player on a recent tennis trip to Ft. Myers, Florida." Ex. 5 - Cindy Lozier Affidavit at ¶ 3. Holzgrafe's inaccurate paraphrasing of the testimony is also immaterial to the lone issue at hand, and also immaterial to the lawsuit as a whole on its face as it alleges a non-party made a defamatory publication – not Lozier.

Undisputed Immaterial Facts

8. Lozier knew that the allegation that Holzgrafe had sex with Jane Doe was a very serious allegation that could jeopardize somebody's career.

   a. While Lozier does not dispute this conclusion, it is immaterial to the sole issue at hand of whether Lozier publicized a defamatory per se statement to his mother and girlfriend; and is immaterial to the lawsuit as a whole due it being vague and conclusory.

11. Cindy Lozier called Marty Bell, QU's Athletic Director, to inform him of the allegations that Holzgrafe had sex with Jane Doe.

    a. While Lozier does not dispute the fact that Cindy Lozier called Marty Bell, that fact is immaterial to the lawsuit as a whole and the sole issue raised by Holzgrafe's Motion of whether Lozier publicized a defamatory per se statement to his mother and girlfriend by stating Danyil Vayser told him a rumor that Holzgrafe and [Jane Doe] had sex over spring break.

12. Sam Lathrop, QU's Director of Safety & Security ███████████████████, received phone calls from Dr. Christine Tracy and Marty Bell regarding the allegation that Holzgrafe had sex with Jane Doe, ███████████████████.

    a. While Lozier does not dispute the fact that Bell and Dr. Tracy called Sam Lathrop, it is immaterial to the lawsuit as a whole and the sole issue raised by Holzgrafe's

      Motion of whether Lozier publicized a defamatory per se statement to his mother and girlfriend by stating Danyil Vayser told him a rumor that Holzgrafe and [Jane Doe] had sex over spring break.

### C. Argument

As Lozier states in his Introduction, Lozier has no objection to Holzgrafe's ultimate prayer. Rather, this Response simply seeks to ensure the relevant facts at hand are accurately reported, and the irrelevant and immaterial facts raised by Holzgrafe are reported as objectionable.

It is undisputed that the testimony at issue establishes Lozier told Abby Moore and Cindy Lozier that Danyil Vayser told Lozier the rumor that Holzgrafe and Jane Doe had sex over spring break. Notably, however, Holzgrafe's Motion is silent as to the specifics of these publications – including the fact that Lozier told his mother and girlfriend the source of the rumor. Lozier recognizes this clarification does not absolve him of liability from a defamatory per se perspective, but Lozier does dispute Holzgrafe's paraphrasing of the publications at issue.

Lozier also disputes the materiality of several of the alleged "material facts" Holzgrafe lists in his Motion for Summary Judgment. As stated above, many of those "facts" have nothing to do with the sole issue raised in this Motion. Others, such as Cindy Lozier's later publications, have nothing to do with Holzgrafe's legal claims against Daniel Lozier at all. Similarly, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ has nothing to do with whether Lozier publicized anything to Cindy or Abby. Those "material facts" are raised simply to insinuate Lozier should be liable for the actions of others, and not for the purpose of establishing whether Lozier made publications.

Did Lozier publicize to Abby and Cindy that Vayser told Lozier a rumor that Holzgrafe and Jane Doe had sex on spring break? Yes. As a result, a finding that Lozier is liable for publicizing a defamatory per se statement to his mother and girlfriend is justified. A finding that Lozier is liable for damages caused by statements that Cindy, Abby, or Holzgrafe himself

publicized is <u>not</u>, and Holzgrafe's attempts to insinuate that by raising those non-party publications as "material facts" in his Motion is inappropriate.

Filed:  June 15, 2023         */s/ Donald M. Craven*
Mr. Donald M. Craven, #6180492
Mr. Joseph A Craven #6340231
Craven & Craven, P.C.
1005 North Seventh Street
Springfield, IL 62702-3918
dmcraven@aol.com; don@cravenlawoffice.com;
joe@cravenlawoffice.com
maralee@cravenlawoffice.com
**Counsel for Counter-Defendant**

## **CERTIFICATE OF SERVICE**

       I, the undersigned, on June 16, 2023, electronically filed this document with the United States District court, Central District of Illinois which will send electronic notification to each of the following:

Lance T. Jones  
HeplerBroom, LLC  
4340 Acer Grove Dr  
Springfield, IL 62711  
ltj@heplerbroom.com  
**Attorney for Brian Holzgrafe**

                                  */s/ Maralee Hanners*