## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRIAN HOLZGRAFE,** | ) | |
| **Counter-Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **No.: 3:18-cv-03077-SEM-KLM** |
| | ) | |
| **DANIEL R. LOZIER, II** | ) | |
| **Counter-Defendant** | ) | |

### RESPONSE BRIEF PURSUANT TO COURT'S JUNE 29, 2023 ORDER

NOW COMES, Counter-Defendant Daniel R. Lozier, II, ("Lozier") by and through counsel, and in response to Counter-Plaintiff Brian Holzgrafe's ("Holzgrafe") Brief filed pursuant to the Court's June 29, 2023 Text Order Concerning Holzgrafe's previously filed Partial Motion for Summary Judgment states as follows:

Federal Rule of Civil Procedure 56 states that "A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." If entitled to such a ruling, "the court should state on the record the reasons for granting or denying the motion." *Id.*

Here, Holzgrafe's Motion for Summary Judgment only addresses one element of one of his two claims. Namely, Holzgrafe solely sought a ruling that Lozier published certain defamatory per se statements to his mother, Cindy Lozier, and girlfriend, Abby Moore. Holzgrafe's Motion did <u>not</u> request for this Court to find that Lozier published those statements <u>with actual malice</u>. As Lozier stated in his Response, Lozier does not object to the sole prayer actually sought in Holzgrafe's Motion: a ruling that Lozier made certain statements to his mother and girlfriend that may be considered defamatory per se. However, Lozier's Response also makes clear that he

disputes the inaccurate paraphrasing Holzgrafe used in his Motion regarding the actual statements Lozier made, and also disputes Holzgrafe's assertion that he made any statement with actual malice.

The Supreme Court of Illinois has recognized that the essential elements of a defamation claim require the plaintiff to "present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009). As this Court stated in ruling on Lozier's Motion to Dismiss, a defamation claim may be broken down into three elements: "(1) Plaintiff made a false statement about Defendant; (2) Plaintiff made an unprivileged publication of that statement to a third party; and (3) the publication caused damages. *Bianchi v. McQueen*, 58 N.E.3d 680, 701 (Ill. App. Ct. 2016)." Doc ID #119.

While a finding of "actual malice" is ordinarily not necessary in defamation cases concerning private figures, *see Troman v. Wood*, 62 Ill. 2d 184 (1975), Holzgrafe's pleading also seeks punitive damages – which the Illinois Supreme Court has said may only be awarded "when the defendant's tortious conduct evinces a high degree of moral culpability, that is, when the tort is 'committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.'" *Slovinski v Elliot*, 237 Ill. 2d 51, 58 (2010).

All Holzgrafe has requested in his Motion presently before the Court is a finding that Lozier publicized a statement to a third party. Holzgrafe has not requested this Court make a finding that Lozier publicized any statement with a high degree of moral culpability. He has simply requested a finding that Lozier publicized the statements.

But – what statements did Lozier make? Lozier admits, and cited testimony that he stated: "Vayser just told me that Coach had sex with [Jane Doe] on spring break" (Ex 1 of Lozier's Response to Holzgrafe's Motion - Cindy Lozier Depo 46:12-22), and "Danyil Vayser told me that Coach and [Jane Doe] had sex over spring break." (Ex. 2 of Lozier's Response to Holzgrafe's Motion - Abby Moore Depo 9:25-10:1). To the extent Holzgrafe seeks a ruling that Lozier made those statements, Lozier agrees this Court may enter an Order stating that as to one element of Holzgrafe's defamation claim, there is no genuine issue of material fact as to whether Daniel Lozier stated "Danyil Vayser told me that Coach and [Jane Doe] had sex over spring break" to Abby Moore, or whether Lozier stated "Vayser just told me that Coach had sex with [Jane Doe] on spring break" to Cindy Lozier. To the extent Holzgrafe argues he should be entitled to a ruling on any inaccurate paraphrasing of those publications, Lozier would wholeheartedly object. To the extent Holzgrafe argues he should be entitled to a ruling on any other element – Lozier would, again, wholeheartedly object.

Due to Holzgrafe's failure to raise any other claims (or any other elements of claims) in his Motion, no other findings on any other elements or claims would be proper. As such, even with his requested relief, Holzgrafe must still present evidence concerning these publications and the context in which they were made to attempt to prove Lozier acted with actual malice (again, a fact Lozier contests) for both: his punitive damage claim under his defamation claim (Count I), and as an essential element of his false light claim (Count II).

As a result, the answers to the Court's questions posed in its recent Order are, in Lozier's opinion, as follows:

(1) Whether Counter-Plaintiff Holzgrafe may be considered a public official for purposes of his defamation claim:

Response: Lozier does not assert that Holzgrafe is a 'public official' for purposes of his defamation claim. Instead, Lozier believes Holzgrafe is a "private figure."

(2) Whether Counter-Plaintiff Holzgrafe must prove the actual malice standard at trial:

Response: Yes, Holzgrafe must prove actual malice as an essential element of his false light claim, and in order to receive punitive damages for his defamation claim.

(3) If so, whether that question precludes the Court from finding Counter-Defendant Lozier liable as to Count 1: Defamation:

Response: Yes - Lozier believes this Court may find *only* that Lozier published certain statements to his mother and girlfriend – as requested by Holzgrafe's Motion. More specifically, this Court may find that Lozier stated "Danyil Vayser told me that Coach and [Jane Doe] had sex over spring break" to Abby Moore, and Lozier stated "Vayser just told me that Coach had sex with [Jane Doe] on spring break" to Cindy Lozier. Lozier objects to any finding that inaccurately paraphrases these publications. Pursuant to Holzgrafe's Motion, in conjunction with the plain language of Federal Rule of Civil Procedure 56 – that is the one limited issue this Court may rule on at this time. A ruling on liability would be improper in Lozier's opinion.


Filed:  July 21, 2023

/s/ Donald M. Craven
Mr. Donald M. Craven, #6180492
Mr. Joseph A Craven #6340231
Craven & Craven, P.C.
1005 North Seventh Street
Springfield, IL 62702-3918
dmcraven@aol.com; don@cravenlawoffice.com;
joe@cravenlawoffice.com
maralee@cravenlawoffice.com
**Counsel for Counter-Defendant**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, on July 21, 2023, electronically filed this document with the United States District court, Central District of Illinois which will send electronic notification to each of the following:

Lance T. Jones
HeplerBroom, LLC
4340 Acer Grove Dr
Springfield, IL 62711
ltj@heplerbroom.com
**Attorney for Brian Holzgrafe**

*/s/ Maralee Hanners*