**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| DANIEL R. LOZIER, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| QUINCY UNIVERSITY | ) | |
| CORPORATION and BRIAN | ) | |
| HOLZGRAFE, | ) | |
| | ) | |
| Defendants. | ) | No. 3:18-cv-03077-SEM-TSH |
| | ) | |
| BRIAN HOLZGRAFE, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL R. LOZIER, II, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**REPLY TO COUNTER-DEFENDANT'S RESPONSE**
**BRIEF PURSUANT TO COURT'S JUNE 29, 2023 ORDER**

NOW COMES Counter-Plaintiff, Brian Holzgrafe ("Holzgrafe"), by and through his attorneys, HeplerBroom, LLC, and for his Reply to Counter-Defendant Daniel R. Lozier, II's ("Lozier") Response Brief Pursuant to Court's June 29, 2023 Order, states as follows:

**REPLY**

On July 21, 2023, Lozier filed his response to Holzgrafe's brief filed pursuant to the Court's June 29, 2023 Order. Lozier concedes that Holzgrafe is not a public figure requiring a heightened burden of proving actual malice to establish liability for defamation. Dkt. #120, p. 4. However, while admitting that he is liable for publishing a defamation *per se* statement, Lozier suggests that, because Holzgrafe must prove actual malice to receive punitive damages, the Court is precluded from entering a judgment as to liability on Holzgrafe's Count I Defamation claim. *Id.* Lozier's position is illogical and untenable for several reasons, including the following:

1.     Federal Rules of Civil Procedure 56(e)(2) states: "*Establishing Liability:* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages." Ergo, whether Holzgrafe may be entitled to punitive damages does not preclude summary judgment on liability for defamation *per se*.

2.     Lozier's response further confuses the issue by, once again, asserting that testimony from Cindy Lozier and his girlfriend both suggest that he stated that "Danyil Vaser told[them]" when making the offending defamation *per se* statement "that coach and [Jane Doe] had sex on Spring break." Dkt. #120, pp. 3 & 4. However, in his response to Holzgrafe's summary judgment motion, Lozier states "Lozier recognizes this clarification [the source of the rumor] does not absolve him of liability from a

defamation *per se* perspective..." Consequently, while the source of the rumor is a disputed fact, the fact that the Lozier's offending statements included "that coach had sex with [Jane Doe]," which is a fact not in dispute, he remains liable for defamation *per se*.

3.      For the first time, Lozier suggests that Holzgrafe has only established one element of a defamation *per se* claim, which is not true. Dkt. #120, p. 1. Holzgrafe has established all of the elements of defamation *per se*: 1) Lozier made the offending statement that "coach had sex with [Jane Doe]," which is a false statement about Holzgrafe; 2) Lozier made an unprivileged publication of that statement to his mother and girlfriend; and 3) Holzgrafe suffered damages, even if only presumed damages. *Bianchi v. McQueen*, 58 N.E.2d 680, 701 (Ill.App.Ct. 2016) (as cited by Lozier in his Response, Dkt. #120, p. 2); *Green v. Rogers*, 234 Ill. 2d 478, 479 (2009); *see also* Holzgrafe's Motion for Partial Summary Judgment, Dkt. #111, pp. 5-8.

4.      Holzgrafe does not dispute that Lozier is entitled to attempt to prove–at trial—that he was not the original source of the rumor, that he was not acting with actual malice, and that Holzgrafe should not be entitled to punitive damages or verdict on his false light claim. However, whether he was told by Vayser remains a contested issue of fact as set forth in Holzgrafe's Response to Lozier's Amended Statement of Facts. Dkt. #101, at 15. The source of the rumor is immaterial to Holzgrafe's Motion for Partial Summary Judgment as Lozier recognizes that, regardless of whether Vayser was

the source, he is liable for publishing the offending defamatory *per se* statement. Fed. R.

Civ. P. 56(e)(2) specifically provides for an order granting summary judgment on

liability alone and leave punitive and actual damages for the jury.

WHEREFORE, Counter-Plaintiff Brian Holzgrafe respectfully prays that the

Court enter an order finding that Counter-Defendant Daniel R. Lozier, II is liable for

defamation *per se* and granting Brian Holzgrafe's Motion for Partial Summary Judgment

as to Count I of the Complaint.

Respectfully submitted,

BRIAN HOLZGRAFE, *Counter-Plaintiff*

By: */s/ Lance T. Jones*
 One of his Attorneys

Lance T. Jones, #6188153
HeplerBroom, LLC
4340 Acer Grove Drive
Springfield, IL 62711
T: (217) 528-3674
F: (217) 528-3964
ltj@heplerbroom.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to all counsel/parties of record below:

Patrick J. Sheehan, III
William Patrick Sheehan
SHEEHAN & SHEEHAN LAWYERS, P.C.
1214 South 8th Street
Springfield, IL 62703
jr@sheehanlaw.net
wps@sheehanlaw.net
*Attorneys for Daniel R. Lozier, II*

Donald M Craven
Joseph Craven
CRAVEN LAW OFFICE
1005 N Seventh St
Springfield, IL 62702
dmcraven@aol.com
jcraven@cravenlawoffice.com
*Attorneys for Daniel R. Lozier, II*

/s/ *Lance T. Jones*