IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-3077 |
| BRIAN HOLZGRAFE, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Counter Plaintiff Brian Holzgrafe's Partial Motion for Summary Judgment on one of his Counterclaims (d/e 111). Counter Plaintiff has carried his burden to show the absence of issues of material fact as to Count One regarding his claim of defamation *per se* and is entitled to judgment as a matter of law as to liability only on that claim. Plaintiff's Motion (d/e 111) is, therefore, GRANTED.

I.  **BACKGROUND**

The Court draws the following facts from the parties' statements of material facts in the Plaintiff's for Summary Judgment (d/e 74), Defendant's Response thereto (d/e 82), Plaintiff's Reply (d/e 92),

Plaintiff's Supplemental Statement of Facts (d/e 99), Defendant's Response (d/e 103), Counter Plaintiff's Partial Motion for Summary Judgment (d/e 111), Counter Defendant Lozier's Response (d/e 114), Briefs filed by the Parties regarding the Court's June 29, 2023 Text Order (d/e 119, 120) and Counter Plaintiff's Reply (d/e 122). Any fact submitted by any party that was not supported by a citation to evidence will not be considered by the Court. See Civ. LR 7.1(D)(2)(b)(2). Any response to an allegedly disputed fact unsupported by evidentiary documentation is deemed admitted. Id.

Generally, the basic facts that gave rise to the instant litigation are that during the 2016-2017 school year, Mr. Holzgrafe was the Men's and Women's Head Tennis Coach at Quincy University. (d/e 111, p. 3; d/e 114, p. 2). During this period of time, Mr. Lozier knew Mr. Holzgrafe was married. Id. Sometime during April 2017, rumors began circulating within the community of the Quincy University ("QU") Men's and Women's Tennis Teams. On April 10, 2017, Cindy Lozier called QU's Dean of Students and Academic Success, Dr. Christine Tracy, and informed her of the allegations that Holzgrafe was having sex with Jane Does. (d/e 111, Ex. 4, Aff. Of Cindy Lozier). Id. At some point before her call to QU, Mr. Lozier had a conversation

with his mother where they discussed Holzgrafe having sex with another QU student tennis player. Id. Mr. Lozier had a similar conversation with his girlfriend, Abby Moore, which had the same substance, Mr. Holzgrafe having sex with a female student athlete. Id. Mr. Lozier does not dispute that the information about the alleged affair was false. (d/e 111, p. 4, d/e 114, p. 2).

Upon receipt of the complaint from Cindy Lozier, an investigation began. See generally id. The investigation ultimately ended after finding that there was no corroborating evidence to support the allegations against Holzgrafe. Rumors continued to spread among the QU community, and Holzgrafe allegedly suffered emotional distress, humiliation, and damage to his character as a result of the rumors. See Countercl. (d/e 53) p. 3–7.

Plaintiff Lozier then filed suit against QU, various QU officials, and Defendant Holzgrafe on April 10, 2018 alleging prohibited retaliation under Title IX of the Education Amendments of 1972 and various state torts, including defamation, false light, intrusion upon seclusion, public disclosure of private facts, and negligent and intentional infliction of emotional distress. Id.

Each of Plaintiff's claims were eventually dismissed, but Defendant Holzgrafe's two Counterclaims remain: defamation and false light against Plaintiff Lozier. See generally Op. & Order (d/e 96) (recounting procedural history). Counter-Plaintiff now moves for summary judgment on Count One of his counterclaim, namely defamation. (d/e 111).

## II.   LEGAL STANDARD

When moving for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the burden of showing, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) & (c); Hummel v. St. Joseph Cty Bd. of Comm'rs, 817 F.3d 1010, 1015–16 (7th Cir. 2016). "The moving party has the burden of either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." Id. But even where there is no dispute as to the basic facts of a case, summary judgment will not be appropriate "if the parties disagree on the inferences which may reasonably be drawn from those

undisputed facts." Cent. Nat. Life Ins. Co. v. Fidelity & Deposit Co. of Md., 626 F.2d 537, 539–40 (7th Cir. 1980). The facts and all reasonable inferences derived therefrom are viewed in the light most favorable to the non-moving party. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008).

### III.  ANALYSIS

Counter Plaintiff, given his own arguments and the concessions made on two separate occasions by the Counter Defendant, has carried his burden on summary judgment on defamation. To prove a claim of defamation under Illinois law, a party must show (1) the tortfeasor made a false statement about the party, (2) the tortfeasor made an unprivileged publication of the statement to a third party, and (3) the publication caused the party damages. *Dobias v. Oak Park & River Forest High Sch. Dist. 200*, 57 N.E.3d 551, 562 (Ill. App. Ct. 2016).

A defamatory statement is a statement that harms a person's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with him. *Kolegas v. Heftel Bradcasting Corp.,* 154 Ill. 2d 1, 10 (1992). "Illinois recognizes two types of defamation: defamation *per se* and

defamation *per quod.*" *Giant Screen Sports v. Canadian Imperial Bank of Commerce,* 553 F.3d 527, 532 (7th Cir. 2009). "If a statement's defamatory character is obvious and apparent on its face, 'it is considered defamation *per se,*' with the law then presuming damages." *Bd. Of Forensic Document Examiners, Inc. v. Am. Bar Ass'n,* 922 F.3d 827, 831-32 (7th Cir. 2019) quoting *Tuite v. Corbitt,* 224 Ill 2d 490, 501 (2006).

In Illinois, there are five categories of statements that are considered defamatory *per se:* (1) words that impute a person has committed a crime; (2) words that impute a person is infected with a loathsome communicable disease; (3) words that impute a person is unable to perform or lacks integrity in performing her or his employment duties; (4) words that impute a person lacks ability or otherwise prejudices that person in her or his profession; and (5) words that impute a person has engaged in adultery or fornication. *See Green v. Rogers,* 234 Ill. 2d 478, 491-92 citing *Van Horne v. Muller,* 185 Ill. 2d 299, 307.

Here, Counter Plaintiff Holzgrafe argues he has clearly met the burden of defamation *per se* and references two of the five categories, as to a false accusation of adultery and want of integrity in the duties

of his employment. (d/e 111) p. 6. Specifically, Mr. Holzgrafe states there is no genuine dispute that Lozier made two statements to his girlfriend and mother, containing a few allegations; that "Coach Holzgrafe" had sex with a female tennis player who he coached and was a student at Quincy University.

In his response, Counter Defendant Lozier does not deny making statements regarding Mr. Holzgrafe to both his mother and his girlfriend that Holzgrafe had sex with a student on the tennis team. (d/e 111) p. 3, 7; (d/e 114) p. 2. Mr. Lozier further does not dispute that this rumor was false and that he was aware that Mr. Holzgrafe was married at the time of making these statements. (d/e 111) Ex. 3, p. 260; (d/e 114) p. 2.

Counter Defendant Lozier's response to Holzgrafe's dispositive motion makes clear at the outset that he "does not object to…a ruling that Lozier made statements to his mother and girlfriend that may be considered defamatory *per se.*" (d/e 114-1) p. 1. Although Mr. Lozier quibbles with the language utilized in his statements to his mother and girlfriend, the substance is not disputed; informing each of an affair, between a student athlete on the tennis team and Mr. Holzgrafe, who is the coach. This is enough for defamation *per se.*

On June 29, 2023, at a hearing, this Court expressly requested clarification as to whether the defamation claim was uncontested, whether Holzgrafe was a public official, and whether an "actual malice" standard applies. In Mr. Lozier's brief pursuant to the Court's instruction, Mr. Lozier again does not "object to the sole prayer actually sought in Holzgrafe's dispositive motion." (d/e 120, p. 1). Mr. Lozier, however, goes on to state that the rumor which precipitated his publications to his girlfriend and mother was not started by him, but this does not prevent his statements from being defamatory *per se*. Nor does it immunize Mr. Lozier. Instead, it further belies the issue with the recitation of a rumor that would indeed hurt a reputation of any married individual, let alone a coach entrusted to the instruction of young women who are student athletes.

Neither party disputes Counter Plaintiff Holzgrafe is a private individual rather than public a official, which specifically answers one of the questions posed by the Court pursuant to *New York Times v. Sullivan*, 376 U.S. 254, 264 (1964). Further, neither party argues that a finding of "actual malice" is a requirement to prove defamation

but rather may be considered in determining punitive damages. (d/e 119, pp. 7-8; d/e 120, p. 4). This Court agrees.

Given Holzgrafe's status as a private individual, no finding of actual malice is required for a finding of liability in defamation. Further, Counter Plaintiff has clearly proven, and Mr. Lozier has admitted, that Lozier knew Holzgrafe was married at the time the statement was made, that the female tennis player he named in his publications to his mother and girlfriend was not Holzgrafe's wife, and that this rumor could ruin a career, clearly meeting the standard for *defamation per se* with damages presumed. *Bd. Of Forensic Document Examiners, Inc. v. Am. Bar Ass'n,* 922 F.3d 827, 831-32 (7th Cir. 2019) quoting *Tuite v. Corbitt,* 224 Ill 2d 490, 501 (2006). Although Mr. Lozier disputes the exact phrasing of the statements to his mother and girlfriend, and who created this rumor, that does not prevent a finding of *defamation per se* and these statements are, in substance, undisputed to the extent they mention Holzgrafe's alleged affair with a female student he coached, while he was married to another individual.

## IV. CONCLUSION

Counter Plaintiff has carried his burden showing an absence of issue of material fact relating to the substance of Counter Defendant' statements and has proven a clear case of defamation *per se*. Therefore, summary judgment on liability is appropriate on that claim with damages presumed. However, any specific award of damages, especially those of a punitive nature, must be determined by the factfinder. Accordingly, Plaintiff's Motion for Summary Judgment (d/e 111) is GRANTED.

Mr. Holzgrafe's Counterclaim will proceed on Count One solely on the question of any damages regarding Mr. Lozier's defamatory statements and Count Two, false light.

**IT IS SO ORDERED.**
**ENTERED: October 6, 2023.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**