IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II, | ) |
| Counter Defendant, | ) |
| v. | ) Case No. 18-3077 |
| BRIAN HOLZGRAFE, | ) |
| Counter Plaintiff. | ) |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is a Motion to Compel filed by Counter Plaintiff Holzgrafe (d/e 123), Counter Defendant Lozier's Response (d/e 124), Counter Plaintiff's Motion for Leave to File Reply in Support of the Motion to Compel (d/e 125), Counter Defendant Lozier's Motion for Leave to File Document Under Seal and his proposed Motion in Limine (d/e 126, 127), Counter Defendant's Motion to Reopen Discovery (d/e 129), Counter Plaintiff's Response to Motion to Reopen Discovery (d/e 134), Counter Plaintiff's Motion for Leave to File Documents Under Seal (d/e 131, 135), and Counter Defendant's

Motion for Leave to File Reply as to the Motion to Reopen Discovery (d/e 137).

For the following reasons, Counter Plaintiff's Motion to Compel (d/e 123) is GRANTED, Counter Plaintiff's Motion for Leave to File Reply in Support of the Motion to Compel (d/e 125) is denied as MOOT, Counter Defendant's Motion for Leave to File Reply in Support of the Motion to Reopen Discovery (d/e 137) is denied as MOOT, the Parties' Motions for Leave to File Documents Under Seal (d/e 126, 131, 135) are GRANTED. Last, Counter Defendant's Motion to Reopen Discovery (d/e 129), which also requests a continuance of the trial setting, is GRANTED in part and DENIED in part.

### I.   COUNTER PLAINTIFF'S MOTION TO COMPEL

Counter Plaintiff Holzgrafe filed a Motion to Compel, seeking "financial information" from Counter Defendant Lozier which was previously requested in written discovery in March 2023. (d/e 123). Specifically, Holzgrafe is requesting various information including but not limited to: financial assets, places of employment, tax information, starting and ending job salaries, financial accounts, personal property values, among other items. (d/e 123, Ex. B). There

is no dispute that the discovery requests were served in a timely manner and allowed for a response before the discovery deadline of April 28, 2023.

Financial information, in a case such as this, where Counter Plaintiff as early as July 2019 pled that he would be seeking "compensatory, special and punitive damages…in excess of ten million(s) dollars," clearly provides at least some notice to the Counter Defendant of same. See Counterclaims (d/e 53). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Clearly where punitive damages are sought an individual's financial condition is relevant to the pursuit of those damages. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 270 (1981)("evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages").

Although Mr. Lozier seemingly implies Mr. Holzgrafe was uninterested in his finances until after he reached a settlement agreement between himself and Quincy University for an amount of money, a somewhat delayed but timely request for information is not a reason to deny this discovery request. Of note, this settlement

resulted in the dismissal of Quincy University as a Defendant. (d/e 94). Mr. Holzgrafe was also dismissed soon thereafter. Further, whether or not this information is ultimately introduced and admissible, Counter Plaintiff is entitled to this information to ensure he is able to support his claim or defense in accordance with the Federal Rules of Evidence. Mr. Lozier, in asking the Court to deny or at limit the amount of information compelled asks that only financial information at the time that the alleged defamatory conduct occurred.

Financial information from 2017 clearly is not indicative of Mr. Lozier's financial condition at present, which is of the most importance in determining a damages award to dissuade future conduct. To the extent Mr. Lozier believes that his financial condition at the time of the conduct should be introduced as a metric by which to calculate any damages, he may seek to introduce that evidence before a factfinder at the appropriate time.

Counter Plaintiff's Motion to Compel is granted to the extent that Mr. Lozier shall provide the financial information as requested, including, but not limited to the settlement agreement previously reached in this matter with a prior party. The parties shall provide a

protective order to the Court regarding this settlement agreement within 14 days, as it is of a personal nature, and before the documents are disseminated. Counter Plaintiff's Motion for Leave to File Reply is DENIED as MOOT.

## II.   MOTION IN LIMINE

Counter Defendant's Motion for Leave to File Document Under Seal (d/e 126) and Counter Plaintiff's Motions for Leave to File Documents Under Seal (d/e 131, 135) are GRANTED.  Mr. Lozier's Motion in Limine (d/e 127) and Counter Plaintiff's Response (d/e 130) will be taken under advisement and discussed at the Final Pretrial Conference.

## III.   MOTION TO REOPEN DISCOVERY

Counter Defendant's Motion to Reopen Discovery is GRANTED to the extent it requests discovery be reopened for the sole purpose of taking a non-party deposition of Mr. Danil Vayser. Therefore, discovery will be reopened for that limited purpose alone. As to Counter Defendant's request to vacate the current trial schedule, his

motion is DENIED. This case remains set for a Final Pretrial Conference on October 27, 2023.

**IT IS SO ORDERED.**
**ENTERED: October 6, 2023.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**