**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| BRIAN HOLZGRAFE, | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:18-cv-03077-SEM-TSH |
| | ) |
| DANIEL R. LOZIER, II, | ) |
| | ) |
| Counter-Defendant. | ) |

**COUNTER-PLAINTIFF BRIAN HOLZGRAFE'S OBJECTIONS TO COUNTER-**
**DEFENDANT DANIEL R. LOZIER, II'S PROPOSED JURY INSTRUCTIONS**

NOW COMES Counter-Plaintiff, Brian Holzgrafe ("Holzgrafe"), by and through

his undersigned counsel, Hepler Broom, LLC, and for his objections to Counter-

Defendant Daniel R. Lozier, II's ("Lozier")Proposed Jury Instructions, states as follows:

> 1.  **C. DEF. INST. NO. 2 – BURDEN OF PROOF**

Holzgrafe objects to Lozier's proposed jury instruction No. 2 as it is improper.

There is no issue in this matter in which "clear and convincing evidence" is a burden of

proof.

> 2.  **C. DEF. INST. NO. 3 – BRIAN HOLZGRAFE COUNTERCLAIM FOR**
>     **DEFAMATION OF CHARACTER**

Holzgrafe objects to Lozier's proposed jury instruction No. 3 as it is confusing

because Holzgrafe has already established his burden of proof with respect to Lozier's

defamation *per se.* Consequently, this proposed instruction will confuse the jury.

3.      **C. DEF. INST. NO. 4 – LIABILITY REGARDING REPUBLICATIONS**

Holzgrafe objects to Lozier's proposed jury instruction No. 4 as it does not accurately state the law. Further, it is argumentative, complex and likely to confuse the jury. Please see Counter-Plaintiff Brian Holzgrafe's Bench Brief Regarding Damages on Count I, ECF NO. 170.

4.      **C. DEF. INST. NO. 5 – PRE-TRIAL JUDICIAL DETERMINATION IN FAVOR OF HOLZGRAFE.**

Holzgrafe objects to While Lozier's proposed statement is accurate, it does not provide the jury with a basic understanding of Holzgrafe's defamation claim and the effect of the Court's summary judgment ruling. Therefore, it is confusing. Holzgrafe's proposed Jury Instruction No. 2 provides the jury with a simple, not overly complex or argumentative, understanding of Holzgrafe's defamation claim.

5.      **C. DEF. INST. NO. 6 – DAMAGES: DEFAMATION**

Holzgrafe objects to Lozier's proposed jury instruction No. 6 as it does not accurately state the law, is overly complex, argumentative and would confuse the jury. Please see Counter-Plaintiff Brian Holzgrafe's Bench Brief Regarding Damages on Count I, ECF No. 170.

6.      **C. DEF. INST. NO. 7 – PUNITIVE/EXEMPLARY DAMAGES**

Holzgrafe objects to Lozier's proposed jury instruction No. 7 as it is an incorrect statement of Illinois law, in that it discusses the need for finding of "willful and wanton." Generally, punitive damages in defamation cases requires proof of "actual malice, except

for defamation *per se* cases where malice is implied. Here, malice is implied since Lozier has been found to have published a defamation *per se* statement. The jury need not determine that Lozier's conduct was willful and wanton. Please see Counter-Plaintiff Brian Holzgrafe's Bench Brief Regarding Damages on Count I, ECF No. 170.

7.    **C. DEF. INST. NO. 8 – WILLFUL AND WANTON CONDUCT – DEFINITION**

Holzgrafe objects to Lozier's proposed jury instruction No. 8 as it is an incorrect statement of Illinois law, in that malice is implied since Lozier has been found to have published a defamation *per se* statement. Therefore, the jury need not determine that Lozier's conduct was willful and wanton. Please see Counter-Plaintiff Brian Holzgrafe's Bench Brief Regarding Damages on Count I, ECF No. 170.

8.    **C. DEF. INST. NO. 9 – BRIAN HOLZGRAFE CLAIM FOR PLACING HIM IN A FALSE LIGHT**

Holzgrafe objects to Lozier's proposed jury instruction No. 9 as (1) it does not provide for a finding in favor of Holzgrafe if all elements are proved; and (2) it adds proof of Lozier's affirmative defenses when no affirmative defenses are identified. Holzgrafe suggest that last paragraph be replaced to read:

> "If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for Brian Holzgrafe. On the other hand, if you find from your consideration of all the evidence that any of these propositions have not been proved, then your verdict should be for Daniel R. Lozier, II."
>
> IPI 21.02.

Respectfully submitted,
BRIAN HOLZGRAFE, *Counter-Plaintiff*

By: /s/ *Lance T. Jones*
 One of his Attorneys

Lance T. Jones, #6188153
HeplerBroom, LLC
4340 Acer Grove Drive
Springfield, IL 62711
T: (217) 528-3674
F: (217) 528-3964
ltj@heplerbroom.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to all counsel/parties of record below:

Clinton S. Turley
McCausland Barrett & Bartalos P.C.
222 South Meramec Ave., Suite 325
Clayton, MO 63105
cturley@mbb-lawfirm.com
*Attorneys for Daniel R. Lozier, II*

/s/ *Lance T. Jones*