IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL R. LOZIER, II, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-3077 |
| ) | |
| BRIAN HOLZGRAFE, ) | |
| ) | |
| Counter-Defendant. ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court are Counter-Defendant's Motion to Bifurcate Punitive Damages, Motion to Realign Parties, and Motion for Leave to File Document Under Seal (d/e 154, 155, 172). Additionally, Counter-Plaintiff's Motion to Allow Remote Testimony and two Motions for Leave to File Document Under Seal. (d/e 156, 158, 167).

### I. Motion to Bifurcate (d/e 154)

On January 16, 2024, Counter-Defendant Lozier filed a Motion to Bifurcate Damages seeking to bifurcate the trial into two phases. (d/e 154). Specifically, Counter-Defendant seeks to hold two separate trials, one to determine whether Mr. Holzgrafe is entitled to compensatory and/or punitive damages and a second trial to

determine a specific amount of punitive damages. Further, Mr. Lozier seeks an order barring any evidence regarding his financial condition. On January 25, 2024, Counter-Plaintiff filed his response in opposition noting having a second trial solely to introduce evidence of Lozier's financial condition would be a waste of judicial economy. The Court agrees given the sheer number of identical witnesses, exhibits, and the likely duplicative nature of the testimony that would be offered. A second trial would not further judicial economy. Therefore, Counter-Defendant's Motion to Bifurcate is DENIED.

## II.    Motion to Realign Parties (d/e 155)

On January 16, 2024 Counter-Defendant Lozier filed a Motion to Realign Parties (d/e 155) seeking to label Mr. Holzgrafe as the "Plaintiff" and Mr. Lozier as the "Defendant" moving forward in this action. Mr. Lozier argues this is appropriate given he no longer has any ongoing claims against Mr. Holzgrafe or any other Defendant, and that he will be prejudiced without this change. Id. In the alternative, Counter-Plaintiff Holzgrafe argues this change is unnecessary and that the designation of parties as it currently exists should stand. (d/e 175). Specifically, Mr. Holzgrafe argues that he

will be prejudiced by being named the Plaintiff when he was "fighting back" after Mr. Lozier initiated litigation first. Id.

As the parties provided, realignment of the parties is permissible and lies within the discretion of the trial court. *Fink v. DeClassis,* 132 F.R.D. 511, 512 (N.D. Ill 1990). Realignment may also be appropriate when the original plaintiff's claims drop out and only the original defendant's counterclaims remain. *Karahodzic v. JBS Carriers, Inc.*, 881 F.3d 1009, 1014 (7th Cir. 2018).

Here, although the original Plaintiff is no longer litigating claims, the designations provide some context as this litigation proceeds. Further, Mr. Lozier alleges he will be prejudiced but does not say in what way. Mr. Holzgrafe takes issue with a change in designation but a change from "Counter-Plaintiff" to "Plaintiff" is nominal. Lastly, based on the exhibit and witness lists provided by the parties, Mr. Holzgrafe is likely to testify regarding the history of this case and his desire to "fight" the previous claims against him.

Therefore, Counter-Defendant Lozier's motion to realign parties (d/e 155) is GRANTED.

### III. Motion for Leave to File Document Under Seal (d/e 172).

Counter-Defendant's Motion for Leave to File Document Under Seal is GRANTED.

**IV.  Motion to Allow Remote Testimony (d/e 156)**

On January 16, 2024, Counter-Defendant Holzgrafe filed a Motion seeking leave of Court to allow remote testimony of seven witnesses (d/e 156). This request is based on the reduction of costs and also convenience to the witnesses. Counter-Plaintiff Lozier opposes this motion as to non-party witnesses Danyil Vayser and Jim Prow. As to Mr. Prow, Mr. Lozier argues that given his distance from the courthouse of 113 miles, the witness should appear at the courthouse in person, as it is not an undue burden or substantial expense. Regarding Mr. Vayser, counsel cites his difficultly with English as a second language, the possible need for a translator and his home being 191 miles from the courthouse as his rationale for Mr. Vayser's in person appearance.

Counter-Defendant Holzgrafe's Motion to Allow Remote Testimony is GRANTED as to non-party witnesses Bell, Krass, Carlson, Anderson and Moore. As to non-party witnesses Prow and Vayser, Counter-Defendant Holzgrafe is DIRECTED to file a Reply, on or before February 16, 2024, to Mr. Lozier's response providing

additional rationale as to why Mr. Prow and Mr. Vayser's testimony should be taken remotely.

**V.  Motions for Leave to File Document Under Seal. (d/e 158, 167).**

Counter-Plaintiff's Motions for Leave to File Document Under Seal are GRANTED for the reasons stated in the motion.

## CONCLUSION

Counter-Defendant Lozier's Motion to Bifurcate (d/e 154) is DENIED. Counter-Defendants' Motion to Realign Parties (d/e 155) and Motion for Leave to File Documents Under Seal are GRANTED (d/e 172).

Counter-Plaintiff Holzgrafe's Motion to Allow Remote Testimony (d/e 156) is GRANTED as to non-party witnesses Bell, Krass, Carlson, Anderson and Moore. Counter-Plaintiff Holzgrafe is DIRECTED to file a Reply, on or before February 16, 2024, to Mr. Lozier's response providing additional rationale as to why Mr. Prow and Mr. Vayser's testimony should be taken remotely. Counter-Plaintiff's Motions for Leave to File Document Under Seal (d/e 158, 167) are GRANTED for the reasons stated in the motion.

IT IS SO ORDERED.
ENTERED: February 5, 2024.
FOR THE COURT

                                                   /s/ Sue E. Myerscough
                                                   **SUE E. MYERSCOUGH**
                                                   **UNITED STATES DISTRICT JUDGE**