IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BRIAN HOLZGRAFE

                Counter-Plaintiff,

vs.

DANIEL R. LOZIER, II,

                Counter-Defendant

Case No.: 3:18-cv-03077-SEM-KLM

**STIPULATED PROTECTIVE ORDER**

    THIS MATTER comes before the Court on Plaintiff's Motion for Entry of Protective Order. Pursuant to Fed. R. Civ. P. 26(c), this Court may enter an Order, on good cause shown, that specific conditions apply to the discovery of certain confidential records of the parties. The Court, after due consideration, finds that good cause exists for the entry of the Order regarding the manner in which this information is disclosed in light of its sensitive and confidential nature.

    Pursuant to the Court's authority under Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED:

    1.   **Scope.** To the extent any party or non-party (all references hereafter to a "party" shall include a non-party unless otherwise specified) produces documents, information, answers to interrogatories, responds to requests for admission, provides deposition testimony, and/or produces any other material or information in response to discovery requests in this litigation

and determines that the information contains medical records of a party (including, but not limited to, counseling records, mental health records, and records protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")), educational records of students at Defendant University protected by the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA"), personnel records of current and former employees of Defendant University, any documents concerning complaints and/or discipline concerning students and/or current and former employees of Defendant University, Defendant University's employee handbooks, policies and procedures, and job descriptions, personal financial information, which includes any settlement agreements, or other information that is protected by law, all parties shall treat said information as "Confidential" according to the terms of this Order.

2. **Exercise of Restraint and Care in Designating Materials for Protection.** Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection and redact only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party

must promptly notify all other Parties that it is withdrawing the mistaken designation.

3. **Designation of Discovery Material.** Any information produced in this action that a party wishes to designate as "Confidential" may be so designated by the producing party by (i) providing copies of the information so stamped with the legend "CONFIDENTIAL" or (ii) furnishing a separate written notice to the counsel for the party receiving such information at the time of the production (or as soon thereafter as practicable) specifically identifying the documents or materials as "Confidential" so long as the party supplies substitute copies (bearing the same bates numbers as the original copies, where practicable) of any such documents bearing the designations.

4. **Persons Authorized to Receive Confidential Information and Material.** Access to information designated as "Confidential" shall be restricted to the following "qualified recipients":

    a. The parties to this action, including officers, directors, agents, and other employees or representatives of the party;

    b. The attorneys of record in the is action, any in-house attorneys employed a party, any attorneys retained by the parties in this action to consult on the litigation, their respective partners, associates, clerks, legal assistants, secretaries, and stenographic and support personnel, and defendants' insurers, and such other persons retained by such attorneys to provide litigation support services in this action;

c. Experts and consultants, together with their clerical staff;

d. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

e. A witness at any deposition or other proceeding in this action;

f. Any person who authored the document or information, was an addressee of the document or information, or who was otherwise involved in the creation and/or preparation of the document or information;

g. Any other person, entity or firm who maybe later designated by written agreement of the parties or who otherwise obtains authorization to receive confidential information in accordance with this Stipulation and Order; and

h. Any mediator or arbitrator to whom the dispute between the parties may be submitted.

5. **Use of Confidential Information and Material.** Information and material designated as "Confidential" will be held in confidence by each receiving party and may be disclosed and used by each receiving party solely for purposes of this litigation and any future litigation between the parties arising from this litigation and the underlying disputes and transactions giving rise to this litigation. Information designated as "Confidential" may not be used for any business, competitive, or other purpose unless agreed to in writing in advance by all parties, and will not be disclosed to, or the substance discussed

with, any person who is not a qualified recipient, except as provided in this Order. If information designated as "Confidential" is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

6. **Disclosure to Experts.** All experts and consultants, together with their clerical staff, shall complete and sign an agreement in the form of Attachment A prior to being given access to information designated as "Confidential." The original executed Acknowledgment and Agreement shall be maintained by the attorney of record for the party causing the disclosure. Promptly after a party has designated experts expected to testify at trial, if the party has disclosed information designated as "Confidential" to any designated expert pursuant to this Order, the party shall provide the other parties with a copy of all Acknowledgment and Agreement forms (Attachment A) completed and signed by the designated experts.

7. **Depositions.** Notwithstanding any provision of this Order to the contrary, any person may testify at deposition concerning all "Confidential" information of which the person has knowledge or is the author, addressee, or employee of the producing party. If a deposition examination concerns "Confidential" information, the party who produced such information will have the right to exclude from that portion of the deposition concerning the

"Confidential" information any person other than the witness, the witness's attorney(s), and persons authorized hereunder to receive the "Confidential" information. Any exhibit or portion of the transcript that mentions, refers to, and/or relates to "Confidential" information shall be designated as "Confidential" and maintained in accordance with this Order. Deposition transcripts and video recordings shall be treated as Confidential for a period of twenty-one (21) days after receipt of such deposition transcript and/or video recordings to allow time for one or more of the parties to give notice of any "Confidential" designations. Such designations shall be made by page and line number, and DVDs (or other storage media) shall be labeled in accordance with the provisions of this Order.

8. **Use at Trial.** Any document, exhibit, or transcript designated "Confidential" in accordance with this Order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to identify trial procedures, such as filing under seal and/or in camera reviews, that will protect and maintain the private nature of highly sensitive information. The parties shall seek to reach agreement on the handling of "Confidential" information and documents prior to trial.

9. **Mistakes.** Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such

documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. **Documents Obtained from Other Sources.** Nothing herein shall impose any restrictions on the use of or disclosure by a party of material obtained by such party independent of discovery in this action, or from disclosing its own confidential material as it deems appropriate. Nothing in this Order shall preclude a disclosure of information to any person who offered, prepared, previously had legal access to, was an addressee of, received a copy of such information prior to the date of this Order, or participated in the creation, compilation, or production of such information.

11. **Changes in Designation of "Confidential" Information.** Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to within ten (10) days, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is "Confidential" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) or other federal, state, or local laws.

12. **No Waiver.** The taking of, or the failure to take, any action to enforce the provisions of this Order, or the failure to object to any designation

or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

    a. Is or is not relevant, material, or otherwise discoverable;

    b. Is or is not confidential or proprietary to any party;

    c. Is or is not entitled to particular protection; or

    d. Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

If a party inadvertently discloses information subject to a claim of attorney client privilege or attorney work product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter. If a party makes a claim of inadvertent disclosure, the party that received the information shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

13. **Objections to Designations.** If at any time a party objects to the designation of documents or information as "Confidential" under this Order, the party shall first try to resolve the matter in good faith on an informal basis.

The information subject to the challenged designation shall be treated by all parties as it is designated until the parties resolve such challenge or until this Court rules on the challenge.

14. **Agreement Survives Termination.** The terms of this Protective Order shall survive the final termination of this action.

15. **Miscellaneous.** No person who examines any document or item protected by this protective order shall disseminate orally, or by any other means, any protected information other than as permitted by this Order.

Having reviewed and considered the foregoing, and good cause appearing for the same, IT IS SO ORDERED.

DATED: March 6, 2024                                   s/ Sue E. Myerscough
                                                                    JUDGE

<u>ATTACHMENT A</u>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **BRIAN HOLZGRAFE**<br><br>        **Counter-Plaintiff,**<br>vs.<br><br>**DANIEL R. LOZIER, II**<br><br>        **Counter-Defendant.** | Case No.: 3:18-cv-03077-SEM-KLM |

## **ACKNOWLEDGMENT AND AGREEMENT**

The undersigned hereby acknowledges receipt of a copy of the Protective Order entered in the above referenced action. The undersigned has read this Protective Order and hereby agrees to be bound by the terms of that Protective Order.

DATED: _____

_____
Signature

_____
Printed Name

_____
Company Affiliation