# EXHIBIT A
# TO DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

# DEFENDANT'S ALTERNATIVE INSTRUCTION TO PLAINTIFF INSTRUCTION NO. 2 – DEFAMATION DEFINITION

A statement is considered defamatory if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons with associating with them.

As to defamatory statements made by individuals other than Daniel R. Lozier, II, Daniel R. Lozier, II is only liable for those statements if those statements were reasonably foreseeable or the natural and probable consequence of Daniel R. Lozier, II's original statement. In determining whether Daniel R. Lozier, II is liable for defamatory statements made by others, you may consider the reasonable assurances others gave to Daniel R. Lozier, II that his statement would go no further.

Certain limited categories of defamatory statements are deemed actionable *per se*. If a defamatory statement is actionable *per se*, the plaintiff need not plead or prove actual

damage to their reputation to recover. Rather, statements that fall within these actionable *per se* categories are thought to be so obviously and materially harmful to the plaintiff that injury to their reputation may be presumed.

Five categories of statements are considered actionable defamation *per se.* They are (1) words that impute the commission of a criminal offense; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or want of integrity in the discharge of duties of office or employment; (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession, or business; or (5) by providing that false accusations of fornication and adultery are actionable as a matter of law.

This Court has entered judgment against Daniel R. Lozier, II on part of Brian Holzgrafe's defamation claim, finding that Daniel R. Lozier, II published one defamatory *per*

*se* statement about Brian Holzgrafe to both Cindy Lozier and Abby Moore.

Plaintiff's Instruction No. 2 modified by *Tunca v. Painter*, 2012 IL App (1st) 093384 and Restatement (Second) of Torts, § 576, cmt. d.

Given _____    Refused _____    Modified _____    Withdrawn _____

## DEFENDANT'S ALTERNATIVE INSTRUCTION TO PLAINTIFF INSTRUCTION NO. 3 – DAMAGES: DEFAMATION

In Illinois, actual damages need not be pleaded or proved in a defamation *per se* action, as certain damage are presumed. Presumed damages are based upon the rationale that it is often extremely difficult, if not impossible, to present evidence to support an award of compensatory damages based upon the actual harm sustained.

Presumed damages for defamation *per se* include "general damage:" damages for mental suffering, personal humiliation, and impairment of personal and professional reputation and standing in the community.

Presumed damages also include damages for economic loss ("special damages"): lost wages, income, and lost benefits are "special damages," i.e., pecuniary losses, which are also presumed and not need be proved.

As the Court has already decided for Brian Holzgrafe on the question of liability as to his claim of defamation, you

must then fix the amount of money which will reasonably and fairly compensate Brian Holzgrafe for the "general damages" and/or "special damages" you find to have resulted from the defamation by Daniel R. Lozier, II.

As to defamatory statements made by individuals other than Daniel R. Lozier, II, Daniel R. Lozier, II is only liable for damages resulting from those statements if those statements were reasonably foreseeable or the natural and probable consequence of Daniel R. Lozier, II's original statement. In determining whether Daniel R. Lozier, II is liable for defamatory statements made by others, you may consider the reasonable assurances others gave to Daniel R. Lozier, II that his statement would go no further.

Plaintiff's Instruction No. 3 modified by *Tunca v. Painter*, 2012 IL App (1st) 093384 and Restatement (Second) of Torts, § 576, cmt. d.

Given \_\_\_     Refused \_\_\_\_     Modified \_\_\_\_     Withdrawn \_\_\_\_

# DEFENDANT INSTRUCTION NO. 4(A) – LIABILITY REGARDING REPUBLICATIONS[1]

Brian Holzgrafe alleges Daniel R. Lozier, II made defamatory statements to others about Brian Holzgrafe. Brian Holzgrafe also alleges the individuals to whom Daniel R. Lozier, II made statements then republished those statements, causing additional damage to Brian Holzgrafe.

As to defamatory statements made by individuals other than Daniel R. Lozier, II, Daniel R. Lozier, II is only liable for damages resulting from those statements if those statements were reasonably foreseeable or the natural and probable consequence of Daniel R. Lozier, II's original statement. In determining whether Daniel R. Lozier, II is liable for defamatory statements made by others, you may consider the reasonable assurances others gave to Daniel R. Lozier, II that his statement would go no further.

---

[1] Defendant originally submitted his Instruction No. 4 – Liability Regarding Republications. The Court refused that Instruction. (d/e 183 at p. 2). Defendant submits this Instruction No. 4(a) in response to the Court's rulings on jury instructions and Motions in Limine.

*Tunca v. Painter*, 2012 IL App (1st) 093384 and Restatement (Second) of Torts, § 576, cmt. d.

Given ___    Refused ___    Modified ___    Withdrawn ___