IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRIAN HOLZGRAFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-3077 |
| ) | |
| DANIEL LOZIER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court are Defendant's Motion for Clarification and Supplemental Motions in Limine (d/e 186), Defendant's Supplemental Objections to Jury Instructions (d/e 188), Plaintiff's Response thereto (d/e 189), the parties' Motions for Leave to File Document Under Seal (d/e 187, 191) and Plaintiff's Unopposed Motion to Amend the Uncontested Issues of Fact and Joint Stipulation of Uncontested Facts (d/e 193).

Defendant's Motion for Clarification is GRANTED in part and DENIED in part (d/e 186). Defendant's Supplemental Motions in Limine (d/e 186) are DENIED. The parties' Motions for Leave to File Document Under Seal are GRANTED (d/e 187, 191) and Plaintiff's

Motion to Amend the Uncontested Issues of Fact and Joint Stipulation of Uncontested Facts is GRANTED (d/e 193).

## I. Defendants Motion for Clarification and Supplemental Motions in Limine are Granted in part and Denied in part. (d/e 186)

### A. Defendant's Motion for Clarification is Granted in part and Denied in part.

Defendant Lozier filed his Motion for Clarification asking whether evidence of Defendant Lozier's initial Complaint and litigation stemming therefrom is admissible. Specifically, Defendant Lozier seeks to exclude all evidence of Defendant Lozier's settled complaint, including "all litigation, settlement and dismissals related thereto." (d/e 186). The Court GRANTS Defendants motion as it pertains to clarification. The Defendant's request to exclude any mention of Defendant Lozier's initial complaint, litigation, settlement information, and dismissals is DENIED for the following reasons.

Defendant Lozier provides various rationale for his request to exclude this information relating to the litigation which brought the parties before the Court. Defendant Lozier provides valid Illinois case law noting that generally pleadings in judicial proceedings enjoy an

absolute privilege against future defamatory actions, if they have "some relation" to the proceedings. *Defend v. Lascelles*, 149 Ill. App. 3d 630, 638 (1986). The *Defend Court* further noted that "pleadings in a judicial proceeding are 'absolutely privileged and cannot ordinarily form the basis of a defamation claim.'" *Id.* at 635. Defendant Lozier claims that the statements in Lozier's complaint cannot be used to prove defamation or damages. Rather, *Defend* speaks to the creation of a defamation claim based solely on the initial complaint and not whether a complaint may be used in a defamation case generally. The parties in *Defend* were specifically arguing over one claim as alleged by the initial plaintiff which was the sole basis of the counterclaim for defamation filed by the original defendant. That is clearly distinguishable from the facts here, where Plaintiff Holzgrafe knew of Defendant Lozier's defamatory statements before Defendant Lozier ever filed his complaint and the plain language of the original complaint does not form the underlying defamatory conduct at issue.

Lozier also claims that Plaintiff has asked the Court to exclude this same evidence. The Court denied Plaintiff's First Motion in Limine, which generally sought to exclude evidence relating to alleged

motor vehicle incidents, which were included in the original complaint. (d/e 183). Further, of note, Plaintiff's motions in limine requested specific incidents be excluded rather than a generic request for "all evidence of Defendant Lozier's settled and dismissed Complaint (and all litigation settlement, and dismissals related thereto)." (d/e 186).

As to Defendant Lozier's argument regarding the lack of inclusion of his initial complaint in Plaintiff's counterclaim, he provides no case law or authority to support that a lack of mention of a piece of evidence, or litigation stemming therefrom, that could be used must be blatantly excluded. As to relevancy, this Court will not make a determination as whether an unknown piece of evidence will be relevant at the time of trial. To the extent Defendant wishes to renew any relevancy objection at trial to a specific piece of evidence he may do so.

### B. Defendant's Supplemental Motions in Limine are Denied.

Defendant Lozier has also filed Supplemental Motions in Limine and Plaintiff has filed a Response opposing said motion. (d/e 186, 190).

As an initial matter, and pursuant to the Court's Standing Order, pretrial motions shall be filed seven days prior to the final pretrial conference. The Court recognizes that various issues may develop while preparing for trial, however, each of the issues mentioned in Defendant Lozier's Supplemental Motions has been raised in the past. Each of Defendant's Supplemental Motions in Limine are DENIED for the following reasons.

Defendant Lozier also argues that the introduction of the settlement agreement or any documents relating to said settlement is barred by *Defend* as well as Federal Rule 408. *Defend* and established Illinois law bar the use of pleadings in judicial proceeding from forming the basis of the defamation claim. *Defend* is silent as to the use of settlement agreements or various other pleadings as evidence generally. The settlement agreement at issue in this matter has never been filed in this proceeding, nor has it been attached to any pleading. Additionally, the Seventh Circuit has addressed where a jury heard mention of a settlement agreement in testimony and upheld the Court allowing the jury to hear said information. *See MCI Communications Corp. v. American Tel. & Tel. Co.,* 708 F.2d 1081, 1153 (1983) (settlement negotiations are admissible to explain

another dispute and to assist the trier of fact in understanding the case).

Further, Rule 408 recognizes exceptions for the use of compromise offers and negotiation to the extent that evidence may be used for a purpose other than to "prove or disprove the validity or amount of a dispute claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Ev. 408(a) and 408(b). However, this Court cannot speculate or know what, if any, settlement agreement may be used for at trial, or for what purpose it is being offered for. While Plaintiff provides some indication what he may use the settlement agreement for, that may not be true when this case is tried. Therefore, the Court declines to bar any use of the settlement agreement as evidence prior to trial.

Further, Defendant's motion to limit the scope of evidence admissible to prove Defendant's financial condition is also DENIED. Defendant Lozier seeks to limit evidence of his financial condition, solely to his financial condition at the time of trial, which pursuant to the final pretrial order, will last three days' time.

Evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages. *See City of Newport v.*

*Fact Concerts, Inc.,* 453 U.S. 247, 270 (1981). Although the Court discussed that current financial condition is of the most relevance in its October 2023 order, that was in contrast to a request from 2017, the beginning of this matter. The Court further instructed the parties that financial evidence may be introduced to the factfinder at trial.

This request regarding "present" financial information only, is premature because the Court is unaware of the timing of the evidence being offered, what it is offered for, and who seeks to introduce it. Of note, Defendant Lozier's response to the prior Motion to Compel sought to limit financial information to the time of the alleged defamatory conduct. Now, that request has changed to limit financial information to the time of trial.

The Court will not limit financial information to a particular period of time as requested by Mr. Lozier at this time, but if said information is introduced, he may raise any objection regarding same at trial.

### C. Motions for Leave to File Document Under Seal Granted (d/e 187, 191).

The parties' respective Motions for Leave to File Document Under Seal are GRANTED.

### D. Defendant's Objections to Jury Instructions with Exhibit A are taken under advisement.

On March 12, 2024, Defendant filed an Objection to Jury Instructions. (d/e 188). On March 22, 2024, Plaintiff filed a response to said objections. As an initial matter, this responsive pleading is not styled as a motion, provides no analysis, and does not request any relief.

Instead, Defendant submits alternative jury instructions regarding two instructions given by the Court at the final pretrial conference and one that was previously refused by the Court in its Order regarding the Final Pretrial Rulings: Plaintiff Instruction No. 2 – Defamation Definition, Plaintiff Instruction No. 3 – Defamation Damages, and Plaintiff Instruction No. 4(a) – Liability Regarding Replications.

The Court is in receipt of these instructions and will consider them as alternatives. The parties will receive a final draft of all given instructions at the jury instruction conference at trial.

### E. Plaintiff's Unopposed Motion is Granted (d/e 193).

On April 4, 2024, Plaintiff filed a Motion asking to amend both the uncontested issues of fact section in the pretrial order and the

joint stipulation of uncontested facts, attached as an exhibit to the final pretrial order. (d/e 193). Plaintiff's motion requests that paragraph 9 be removed from both the uncontested fact and joint stipulation sections. Plaintiff's motion is GRANTED. The parties are DIRECTED to file an Amended Final Pretrial Order with the requested changes made, on or before, April 6, 2024.

## CONCLUSION

Defendant's Motion for Clarification is GRANTED in part and DENIED in part. Defendant's Supplemental Motions in Limine (d/e 186) are DENIED. The parties' Motions for Leave to File Document Under Seal are GRANTED (d/e 187, 191). Plaintiff's Motion to Amend the Uncontested Issues of Fact and Joint Stipulation of Uncontested Facts is GRANTED (d/e 193) and the parties are directed to file an Amended Final Pretrial Order with paragraph 9 removed.

**IT IS SO ORDERED.**
**ENTERED: April 4, 2024.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**