Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1

During this trial, I asked a witness a question myself. Do not assume that because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

During the trial, certain testimony was presented to you by the reading of depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from

my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what the party said in the earlier statements, as well as in deciding what weight to give the testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with the witness's testimony here in court, you may consider the earlier statement or conduct only in deciding whether the witness's testimony here in court was true and what weight to give to the witness's testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.

Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

19

The Plaintiff in this case, Brian Holzgrafe, has alleged that Defendant Daniel R. Lozier, II, committed defamation against him. Brian Holzgrafe has the burden of proving each of the following propositions:

(1) That Daniel R. Lozier, II made a false statement or statements concerning Brian Holzgrafe to multiple parties in April of 2017.

(2) That Daniel R. Lozier, II made an unprivileged publication of that statement or statements to a third party; and

(3) that the publication caused the Brian Holzgrafe damages.

A statement is considered defamatory if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons with associating with them.

Certain limited categories of defamatory statements are deemed actionable *per se*. If a defamatory statement is actionable *per se*, the plaintiff need not plead or prove actual damage to their reputation to recover. Rather, statements that fall within these actionable *per se* categories are thought to be so obviously and materially harmful to the plaintiff that injury to their reputation may be presumed.

Five categories of statements are considered actionable defamation *per se*. They are (1) words that impute the commission of a criminal offense; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or want of integrity in

the discharge of duties of office or employment; (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession, or business; or (5) by providing that false accusations of fornication and adultery are actionable as a matter of law.

This Court has entered judgment against Daniel R. Lozier, II on part of Brian Holzgrafe's defamation claim, finding that Daniel R. Lozier, II published one defamatory *per se* statement about Brian Holzgrafe to both Cindy Lozier and Abby Moore.

In Illinois, actual damages need not be pleaded or proved in a defamation *per se* action, as certain damage are presumed. Presumed damages are based upon the rationale that it is often extremely difficult, if not impossible, to present evidence to support an award of compensatory damages based upon the actual harm sustained.

Presumed damages for defamation *per se* include "general damage:" damages for mental suffering, personal humiliation, and impairment of personal and professional reputation and standing in the community.

Presumed damages also include damages for economic loss ("special damages"): lost wages, income, and lost benefits are "special damages," i.e., pecuniary losses, which are also presumed and not need be proved.

As the Court has already decided for Brian Holzgrafe on the question of liability as to his claim of defamation, you must then fix the amount of money which will reasonably and fairly compensate Brian Holzgrafe for the

"general damages" and/or "special damages" you find to have resulted from the defamation by Daniel R. Lozier, II.

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. You may be instructed on punitive damages because the Court has found that Daniel R. Lozier, II has published a defamatory *per* se statement, damages are presumed, and malice is implied. If you believe that justice and the public good require it, you may award an amount of money which will punish Daniel R. Lozier, II and discourage him and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1.   How reprehensible was Daniel R. Lozier, II's conduct?

On this subject, you should consider the following:

a)   The facts and circumstances of his conduct;

b)   The financial vulnerability of Brian Holzgrafe;

c)   The duration of the misconduct;

d)   The frequency of Daniel R. Lozier, II's misconduct;

e)   Whether the harm was physical as opposed to economic;

f)   Whether Daniel R. Lozier, II tried to conceal the misconduct.

2.   What actual and potential harm did Daniel R. Lozier, II's conduct cause to Brian Holzgrafe in this Case?

3.   What amount of money is necessary to punish Daniel R. Lozier, II and discourage him and others from future wrongful conduct in light of his financial condition?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by Brian Holzgrafe.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.