IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRIAN HOLZGRAFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CV-3077 |
| ) | |
| DANIEL R. LOZIER, II, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court are Defendant's Motion to Reconsider and Memorandum in Support (d/e 235, 236), Plaintiff's Response to Defendant's Motion (d/e 240), Plaintiff's Motion to Strike Defendant's Memorandum in Support (d/e 239), and Defendant's Response in Opposition. (d/e 241). For the following reasons, Defendant's Motion to Reconsider is DENIED and Plaintiff's Motion to Strike Defendant's Memorandum in Support is DENIED as MOOT.

## I.  Background

On May 1, 2024, Defendant filed an Emergency Motion for an Extension of Time to File Brief in Support of Post-Trial Motions, or in the Alternative, for Leave to File a Supplemental Brief.  (d/e 209).

On May 2, 2024, this Court entered an order denying Defendant's Motion. (May 2, 2024 Text Order). Specifically, the Court noted that it would not rule on the motion for leave to file supplemental brief or an extension to file such a motion until Defendant met the deadline prescribed by Federal Rule 6.

On May 9, 2024, Defendant filed his Post-Trial Motions (d/e 210). This briefing set out each of Defendant's grounds for a new trial and challenged the Court's evidentiary rulings at trial. (d/e 210). On May 23, 2024, Defendant filed a Renewed Motion to file Supplemental Briefing and Memorandum in Support (d/e 222, 223), to which Plaintiff filed his Response. (d/e 225). On October 3, 2024, the Court denied Defendant's Renewed Motion to File Supplemental Briefing. (October 3, 2024 Text Order).

On October 7, 2024, Defendant filed a Motion to Reconsider the Court's October 3, 2024 Order. (d/e 235). Specifically, Defendant argues this Court erred in many ways before and during the trial. Additionally, Defendant argues the Court should allow Defendant to file supplemental briefing because the trial transcript is newly discovered evidence, which permits a Motion to Reconsider.

Plaintiff filed a response to Defendant's Motion arguing Defendant fails to meet the standard for reconsideration. Further, Defendant's memorandum in support should be struck as its filing ignores the Court's directive of no supplemental post-trial briefing. (d/e 240).

## II.    Analysis

**Defendant's Motion to Reconsider (d/e 235) is Denied.**

Reconsideration is not appropriate for rehashing arguments or raising new matters that could have been heard during the pendency of the previous motions. *Caisse Nationale de Cred Agricole v. CBI Indust., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). A "manifest error" is not demonstrated by the disappointment of the losing party. Manifest error the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.*

Defendant moves for reconsideration of the Court's October 3, 2024 Text Order based on the Court's alleged misapprehension of the

libel doctrine of "actual malice" and the newly available trial transcripts.

As an initial matter, the Court does not interpret "actual malice" in its October 3, 2024 Text Order. Nor was there any analysis of libel, actual malice, or discussion of any errors of law and fact at trial. Rather, the Court's order related *only* to whether the Defendant could file a supplemental post-trial motion. Therefore, the Court will not address its alleged misapprehension of "actual malice" at this juncture or the extensive arguments regarding alleged errors the Court committed at trial. The Court will take up those arguments when ruling on Defendant's post-trial motions.

The Court, in denying Defendant's motion for supplemental briefing, noted the absence of Seventh Circuit case law allowing extensions under Rule 6. Further, the Court found Defendant has not been prejudiced when filing post-trial motions in this Court, and, therefore, Defendant's argument he was suffering from prejudice was unpersuasive. Defendant's motion does not allege a misapplication of law as to these points and does not address these findings.

Along with a misapplication, Defendant argues the Court should reconsider its Order because the transcript of the trial has

been recently filed and this is newly discovered evidence. This Court disagrees. The trial transcript by itself is not new evidence. The Court, when issuing its October Order, was aware the transcript was recently filed on the docket by the court reporter, and in fact, noted that Defendant may use said transcript in his appellate briefing and argument. Defendant seemingly argues there are specifics in the record he did not know about and that makes the transcript new. In support of this contention, Defendant provides a Memorandum of Law in Support of his Motion to Reconsider. The arguments in this memorandum, however, are almost identical to those in Defendant's post-trial motions, with transcript citations.

The Court finds that the recently filed transcript is not newly discovered evidence given the Court's awareness of the transcript at the time of its October Order. In addition, the arguments made in Defendant's Memorandum use the transcript as additional *support*, but do not provide any additional argument he has not previously made. Further, Defendant has suffered no prejudice in his post-trial briefing as the arguments in his Motion to Reconsider are almost identical to those in his post-trial motions, but for the citations.

Defendant's arguments in his Motion to Reconsider do not point to the Court misapplying the law as to its October 3, 2024 Order and the filing of the trial transcript is not new evidence to this Court or the Defendant as evidenced by his identical arguments.

## CONCLUSION

In ruling on Defendant's Motion to File Supplemental Briefing, the Court reviewed Defendant's Motion, Plaintiff's Response, relevant case law, and the applicable federal rules. The Court found Defendant was not entitled to file supplemental briefings as Rule 6 forbids extensions of time to file post-trial briefings, and Defendant's position is distinguishable from the case law he provided. Defendant provided a lengthy post-trial brief cementing his arguments and evidence in support.

This Court is not convinced by Defendant's arguments as to any manifest error of its application of the law or alleged newly discovered evidence, in the form of a recently filed transcript. Therefore, Defendant's Motion for Reconsideration (d/e 235) is DENIED. Given the Court's findings as to Defendant's Motion to Reconsider, Plaintiff's Motion to Strike (d/e 239) is DENIED as MOOT.

**IT IS SO ORDERED.**
**ENTERED: November 22, 2024.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**