# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

July 7, 2025

Before

DIANE S. SYKES, *Chief Judge*
FRANK H. EASTERBROOK, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 25-1934 | BRIAN HOLZGRAFE,<br>    Plaintiff - Appellee<br>v.<br>DANIEL R. LOZIER, II,<br>    Defendant - Appellant |
| **Originating Case Information:** | |
| District Court No: 3:18-cv-03077-SEM-KLM<br>Central District of Illinois<br>District Judge Sue E. Myerscough | |

The following are before the court:

1. **MOTION TO DISMISS THE APPEAL FOR LACK FOR JURISDICTION OR, ALTERNATIVELY, TO STAY THE APPEAL PURSUANT TO 11 U.S.C. §362(a)**, filed on June 10, 2025, by counsel for the appellee.

2. **RESPONSE TO APPELLEE'S MOTION TO DISMISS THE APPEAL FOR LACK OF JURISDICTION OR, ALTERNATIVELY, TO STAY THE APPEAL PURSUANT TO 11 U.S.C. §362(a)**, filed on June 20, 2025, by counsel for the appellant.

3. **REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE APPEAL FOR LACK OF JURISDICTION OR, ALTERNATIVELY, TO STAY THE APPEAL PURSUANT TO 11 U.S.C. §362(a)**, filed on June 23, 2025, by counsel for the appellee.

Shortly after filing a petition for bankruptcy, Daniel Lozier, II, filed a notice of appeal from an adverse judgment entered in the Central District of Illinois. The appeal has been docketed as No. 25-1934. Brian Holzgrafe, the prevailing plaintiff (and appellee), has asked us to dismiss the appeal as a violation of the automatic stay. See 11 U.S.C. §362(a)(1).

-over-

No. 25-1934                                                                                         Page 2

Section 362 forbids any prosecution of a civil suit, after the commencement of bankruptcy, unless the stay has lapsed or been lifted. As far as we can see, however, the stay remains in effect.

Section 108(c), 11 U.S.C. §108(c), addresses situations in which time limits may expire while a stay is in effect. It provides that, if a time limit established by applicable nonbankruptcy law is still running when the bankruptcy begins, then the time "does not expire until the later of— … (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim." The 30 days available to appeal was still running when Lozier filed for bankruptcy. He therefore has 30 days measured from the end of the §362 stay to file a notice of appeal.

The current appeal is premature and is dismissed. The 30 days allowed by §108(c)(2) will start to run as soon as the bankruptcy judge lifts the stay (or the bankruptcy ends, as by dismissal or confirmation of a plan).